JONES, Justice.
The Appellant, citing, ARCP 19(a), states the only issue presented for our review as follows:[1]
“The judgment is contrary to the law in that the necessary parties needed for a just adjudication have not been joined in the action.”
Appellant’s alleged error is predicated on these facts: During the pendency of this action, Parsons Steel Industries, Inc. (original Plaintiff), was adjudicated a bankrupt; immediately prior thereto, First Alabama Bank of Montgomery foreclosed a mortgage executed by Parsons Steel and then assigned its interest under the foreclosure sale to Orange Steel Industries (substituted Plaintiff). Therefore, says Magic City Metals, Inc. (Defendant/Appellant), the judgment in favor of the substituted Plaintiff is deficient for failure to join Parsons Steel and the Trustee in Bankruptcy as necessary parties Plaintiff in this action.
Magic City’s contention, with respect to Parsons Steel as a necessary party, is without merit for numerous reasons, two of which are most obvious:
1) Magic City’s amended answer raised as a defense that Parsons Steel “has no standing and is not a proper party or owner of accounts receivable,” citing the fact that the account sued upon was included in the security agreement foreclosed by the bank; and
2) Magic City moved for summary judgment, stating as grounds therefor that the bank foreclosed on the security agreement embracing Parsons Steel’s accounts receivable and assigned its interest thereunder to Orange Steel, thereby praying that “the Complaint should be dismissed or the Plaintiff, Orange Steel Company, substituted therein.” Suffice it to observe that the trial court obliged (albeit 11 months later), with no objection from the Defendant, by granting the Plaintiff’s motion to “substitute Orange Steel Industries for Parsons Steel Industries as party Plaintiff.”
As to the necessity of the Trustee in Bankruptcy as a party plaintiff, we need only point to the Trustee’s letter of record notifying the Defendant’s lawyer that he acknowledged the Bank’s superior claim on Parsons Steel’s accounts receivable and the Bank’s valid transfer of its interest to Orange Steel, thus disclaiming any interest therein. Moreover, the two-year period in which the trustee is authorized to assert a claim (11 U.S.C. § 546) has long since lapsed with no showing that he has sought to exercise his prerogative to prosecute a claim on behalf of Parsons Steel’s creditors.
AFFIRMED.
TORBERT, C. J., and MADDOX, SHORES and BEATTY, JJ., concur.

. We have not overlooked Appellant’s further contention that the judgment represents a compromise of the parties’ claims and counterclaims unwarranted by the evidence. This issue is not adequately presented to merit our review.