THE INVESTORS MORTGAGE COMPANY, TRUSTEE *v.*
FAY LOUISE RODIA ET AL.
(11629)

O'CONNELL, FOTI and LAVERY, Js.

Argued February 19—decision released June 1, 1993

*Richard S. Scalo,* with whom were *Abraham I. Gordon* and *Ronald D. Japha,* for the appellants (plaintiff Moneyhelpers, Inc.).

*Jonathan S. Bowman,* with whom were *Thomas S. Hyman* and, on the brief, *Neil R. Marcus,* for the appellees (defendants).

LAVERY, J. The sole issue in this case is whether the beneficiary of a trust, who, without objection, is substituted for the trustee as the plaintiff in a foreclosure action after title has vested in the trustee, has standing to file a motion for a deficiency judgment. The substitute plaintiff, the beneficial owner of the mortgage, claims that the defendants' motion to dismiss was improperly granted because the substitute plaintiff had standing to file the motion for a deficiency judgment. We agree and reverse the judgment of the trial court.

The following facts are relevant to the disposition of this appeal. The defendants, Fay Louise Rodia and John A. Rodia, were indebted to the original plaintiff, The Investors Mortgage Company, as trustee, in the amount of $100,000 by their promissory note dated January 13, 1989. To secure this note, the defendants gave a blanket mortgage to The Investors Mortgage Company, as trustee, on four separate parcels of land situated in Shelton. That same day, the plaintiff, Moneyhelpers, Inc., entered into a trust agreement with The Investors Mortgage Company whereby the plaintiff would own the mortgage but The Investors Mortgage Company would act as trustee for Moneyhelpers, Inc., in closing, servicing and administering and holding legal title to the blanket mortgage.

The defendants defaulted on the note. By complaint dated January 15, 1991, The Investors Mortgage Company, as trustee, instituted proceedings to foreclose the blanket mortgage. On June 6, 1991, a judgment of

strict foreclosure was entered in favor of The Investors Mortgage Company, as trustee, on the properties mortgaged by the defendants. The defendants failed to redeem on their law day, and all subsequent encumbrancers also failed to redeem. Title to the subject premises vested in The Investors Mortgage Company, as trustee, on October 9, 1991.

On or about October 11, 1991, The Investors Mortgage Company, as trustee, transferred the subject premises by quitclaim deed to the substitute plaintiff, Moneyhelpers, Inc. On October 30, 1991, The Investors Mortgage Company filed a motion for a deficiency judgment, and a motion to substitute Moneyhelpers, Inc., as the plaintiff. When the motion for a deficiency judgment and the motion to substitute the plaintiff appeared on the court calendar, the defendants requested that the motion for a deficiency judgment go off, to which the Investors Mortgage Company agreed. The defendants, however, had no objection to Moneyhelpers, Inc., being substituted as the plaintiff. The motion to substitute the plaintiff was granted by the court.

On February 18, 1992, the defendants filed a motion to dismiss the motion for a deficiency judgment. The trial court held that the substitute plaintiff, Moneyhelpers, Inc., lacked standing to prosecute the motion for a deficiency judgment because Moneyhelpers, Inc., was not the foreclosing plaintiff as is required by the deficiency judgment statute, General Statutes § 49-14. The trial court decided that the remedy provided by § 49-14 is available only to foreclosing plaintiffs, and, in this case, The Investors Mortgage Company was the foreclosing plaintiff, not Moneyhelpers, Inc. The trial court determined that Moneyhelpers, Inc., lacked the required standing to seek a deficiency judgment and dismissed its motion. We disagree.

Standing is the legal right to set the judicial process in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of the action, or a legal or equitable right, title or interest in the subject matter of the controversy. *Horton* v. *Hydra Systems International, Inc.,* 16 Conn. App. 420, 425, 547 A.2d 926 (1988); *Hiland* v. *Ives,* 28 Conn. Sup. 243, 245, 257 A.2d 822 (1966). Standing is "a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented." *Maloney* v. *Pac,* 183 Conn. 313, 320, 439 A.2d 349 (1981). These two objectives are met "when a complainant makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity." Id., 321. Standing focuses on whether a party is a proper party to request adjudication of the issues, rather than on the substantive rights of the aggrieved parties. *Nye* v. *Marcus,* 198 Conn. 138, 141, 502 A.2d 869 (1985).

We begin our review of the issue of standing with an analysis of the language of paragraph three of the trust agreement between The Investors Mortgage Company and Moneyhelpers, Inc. Paragraph three states "[s]uch blanket mortgage note and mortgage deed shall be held by and in the name of the Company, as Trustee for the benefit of the Mortgage Owner." Pursuant to General Statutes § 52- 106,[1] The Investors Mortgage Company, as trustee, had the right to sue for a deficiency judgment without joining those benefi-

[1] General Statutes § 52-106 provides: "An executor, administrator, or trustee of an express trust may sue or be sued without joining the persons represented by him and beneficially interested in the action."

cially interested in the action. In this case, Money-helpers, Inc., was the beneficial owner.

The motion to substitute the plaintiff was granted by the court, bringing Moneyhelpers, Inc., into the case in place of The Investors Mortgage Company pursuant to General Statutes § 52-107[2] and Practice Book § 99.[3] "Most of our cases discuss the admission of new parties as coming within the 'broad discretion' of the trial court. E.g., *Manter* v. *Manter,* 185 Conn. 502, 507, 441 A.2d 146 (1981); *Jones* v. *Ricker,* 172 Conn. 572, 575n., 375 A.2d 1034 (1977); *Nikitiuk* v. *Pishtey,* 153 Conn. 545, 555, 219 A.2d 225 (1966). But there are also cases which make clear that intervention of right exists in Connecticut practice. *Ricard* v. *Stanadyne, Inc.,* 181 Conn. 321, 322n., 435 A.2d 352 (1980); *Greenwich Gas Co.* v. *Tuthill,* 113 Conn. 684, 695, 155 A. 850 (1931); *Bucky* v. *Zoning Board of Appeals,* 33 Conn. Sup. 606, 608, 363 A.2d 1119 (1976); *DeFelice* v. *Federal Grain Corporation,* 12 Conn. Sup. 199, 201 (1943)." *Horton* v. *Meskill,* 187 Conn. 187, 192, 445 A.2d 579 (1982). The principle of intervention of right is derived from the second sentence of Practice Book § 99, which provides: "If a person not a party has an interest or title which the judgment will affect, the court, on his motion, *shall* direct him to be made a party." (Emphasis added.) Section 52-107 contains nearly identical language pro-

[2] General Statutes § 52-107 provides: "The court may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the court may direct that such other parties be brought in. If a person not a party has an interest or title which the judgment will affect, the court, on his application, shall direct him to be made a party."

[3] Practice Book § 99 provides: "The court may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the court may direct that they be brought in. If a person not a party has an interest or title which the judgment will affect, the court, on his motion, shall direct him to be made a party."

viding in pertinent part: "If a person not a party has an interest or title which the judgment will affect, the court, on his application, *shall* direct him to be made a party." (Emphasis added.) "An applicant for intervention has a right to intervene under Practice Book § 99 where the applicant's interest is of such a direct and immediate character that the applicant ' "will either gain or lose by the direct legal operation and effect of the judgment." ' *Bucky* v. *Zoning Board of Appeals,* supra, 608; *DeFelice* v. *Federal Grain Corporation,* supra, 201; see *Smith* v. *Gale,* 144 U.S. 509, 518, 12 S. Ct. 674, 36 L. Ed. 521 (1892)." *Horton* v. *Meskill,* supra, 195. In this case the moving party, Moneyhelpers, Inc., had taken title to the subject premises from the original plaintiff, The Investors Mortgage Company, as trustee, and therefore had a direct and immediate interest in the case. The trial court properly allowed Moneyhelpers, Inc., to intervene as of right.

We note that the defendants did not object to the motion to substitute the plaintiff. The Supreme Court of Alabama, encountering a similar situation, held that when there is no objection from a defendant to the granting of a motion for substitution of a plaintiff, the defendant may not later claim that the proper party is not present. *Magic City Metals, Inc.* v. *Orange Steel Industries, Inc.,* 404 So. 2d 57, 58 (Ala. 1981). Here, the defendants cannot now claim that the substituted plaintiff is not the proper party. The motion fully set forth the reasons for the substitution[4] in compliance with Practice Book § 103.

---

[4] "MOTION TO SUBSTITUTE PLAINTIFF

"This action was commenced by The Investors Mortgage Company, Trustee, to foreclose a Blanket Mortgage on four (4) separate parcels of real estate located in Shelton, Connecticut, owned by the defendants, Fay Louise Rodia and John A. Rodia. Pursuant to a Trust Agreement dated January 13, 1989, The Investors Mortgage Company agreed to act as

In seeking to affirm the trial court's decision, the defendants rely on *First Bank* v. *Simpson,* 199 Conn. 368, 373, 507 A.2d 997 (1986), for the proposition that only a foreclosing plaintiff can obtain a deficiency judgment pursuant to General Statutes § 49-14 (a).[5] The *First Bank* court held that General Statutes § 49-1[6]

---

Trustee for the substitute plaintiff, Moneyhelpers, Inc., in closing, servicing, administering and holding legal title to the mortgage referred to herein.

"The Court entered a Judgment of Strict Foreclosure and set the law day for the owner of the equity of redemption on October 7, 1991. All defendants failed to redeem and title vested in the plaintiff, THE INVESTORS MORTGAGE COMPANY, TRUSTEE, on October 9, 1991.

"Pursuant to the terms of the Trust Agreement, The Investors Mortgage Company, Trustee, by Quit Claim Deed, transferred legal title to the subject premises to the mortgage-owner, MONEYHELPERS, INC.

"The substitute-plaintiff, Moneyhelpers, Inc., believes that the property foreclosed is insufficient to satisfy the debt due and, accordingly, moves to be substituted as the plaintiff in this action so that any deficiency judgment may be rendered in favor of the plaintiff, MONEYHELPERS, INC., the mortgage owner."

Practice Book § 103 provides: "Any motion to cite in or admit new parties must comply with Sec. 196 and state briefly the grounds upon which it is made."

[5] General Statutes § 49-14 (a) provides: "At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. Such motion shall be placed on the short calendar for an evidentiary hearing. Such hearing shall be held not less than fifteen days following the filing of the motion, except as the court may otherwise order. At such hearing the court shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. The plaintiff in any further action upon the debt, note or obligation, shall recover only the amount of such judgment."

[6] General Statutes § 49-1 provides: "The foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are liable for the payment thereof who are made parties to the foreclosure and also against any person or persons upon whom service of process to constitute an action in personam could have been made within this state at the commencement of the foreclosure; but the foreclosure is not a bar to any further action upon the mortgage debt, note or obligation as to any person liable for the payment thereof upon whom service of process to constitute an action in personam could not have been made

would prohibit a foreclosing first mortgagee that had failed to avail itself of the deficiency judgment procedure of § 49-14, from instituting any further action against the defendants. Id., 372. A nonforeclosing second mortgagee is not barred by § 49-1 from bringing further action on its underlying obligation; id.; but this is not the issue in this case. In this matter, the deficiency judgment is sought by the owner of the foreclosed debt, who was substituted for the original plaintiff and is now the plaintiff in this action.

General Statutes § 49-14 provides that if a deficiency is established, the court shall "render judgment for the plaintiff." In this case, the deficiency judgment is being requested by the owner of the debt who was substituted for the original plaintiff in this action. After title vested in the trustee, it then conveyed legal title to the premises, via quitclaim deed, to the beneficial owner, Moneyhelpers, Inc., which at all times owned the underlying obligation. The substitute plaintiff, as owner of the underlying mortgage debt obligation that had been held in trust by The Investors Mortgage Company is the proper party to seek recovery of its own assets. The owner of the underlying obligation is the party seeking the deficiency judgment, and the value of the property foreclosed is being applied to the underlying obligations. Moneyhelpers, Inc., as the owner of the debt, is the plaintiff as contemplated by General Statutes § 49-14 (a).

The defendants were not prejudiced by the fact that Moneyhelpers, Inc., sought a deficiency judgment. As we recently noted in *Federal Deposit Ins. Corporation* v. *Retirement Management Group, Inc.*, 31 Conn. App. 80, 84, 623 A.2d 517 (1993), "[o]ur rules of practice . . . permit the substitution of parties as the interests

within this state at the commencement of foreclosure. The judgment in each such case shall state the names of all persons upon whom service of process has been made as herein provided."

of justice require. General Statutes §§ 52-108, 52-109; Practice Book §§ 100, 101; see also *United States Trust Co.* v. *DiGhello,* 179 Conn. 246, 247 n.1, 425 A.2d 1287 (1979); *Hagearty* v. *Ryan,* 123 Conn. 372, 195 A. 730 (1937); *Wickes Mfg. Co.* v. *Currier Electric Co.,* 25 Conn. App. 751, 760–61, 596 A.2d 1331 (1991)." We further noted that "[t]hese rules are to be construed so as to alter the harsh and inefficient result that attached to the mispleading of parties at common law. See *Hagearty* v. *Ryan,* supra, 375–76." *Federal Deposit Ins. Corporation* v. *Retirement Management Group, Inc.,* supra. We specifically addressed the issue of potential prejudice to a defendant when a plaintiff is substituted under similar federal rules of intervention and substitution of parties. " '[W]here the change is made on the plaintiff's side to supply an indispensable party or to correct a mistake in ascertaining the real party in interest, in order to pursue effectively the original claim, the defendant will rarely be unfairly prejudiced by letting the amendment relate back to the original pleading.' F. James & G. Hazard, Civil Procedure (2d Ed. 1977) § 5.7, pp. 167–68. 'As long as [the] defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action, his ability to protect himself will not be prejudicially affected if a new plaintiff is added . . . .' 6A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1501, pp. 154–57; see also *Health Research Group* v. *Kennedy,* 82 F.R.D. 21 (D.D.C. 1979) (substitution of real party in interest as plaintiff permitted to cure lack of standing of original plaintiff)." *Federal Deposit Ins. Corporation* v. *Retirement Management Group, Inc.,* supra, 84–85. Because the substitution of Moneyhelpers, Inc., as the plaintiff did not hinder the defendants' ability to defend themselves in this action, we conclude that the substitution did not result in prejudice to the defendants.

Because Moneyhelpers, Inc., has standing to prosecute the motion for a deficiency judgment, the trial court has subject matter jurisdiction to determine the cause.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

