MOBIL OIL CORPORATION *v.* ZONING BOARD OF APPEALS OF THE CITY OF BRIDGEPORT ET AL.
(12512)

FOTI, LAVERY and CRETELLA, Js.

Argued March 25—decision released July 19, 1994

*Ann Marie W. Kent,* for the appellants (intervening defendants Stuart Rosenberg et al.).

*Richard G. Kascak, Jr.,* with whom, on the brief, was *Serge G. Mihaly,* for the appellee (plaintiff).

FOTI, J. The intervening defendants appeal from the trial court's judgment sustaining the plaintiff's zoning appeal. The plaintiff, Mobil Oil Corporation, filed an application for a special exception under the zoning regulations to allow for the conversion of an existing full-service gasoline station into a self-service station with a snack shop.

The named defendant zoning board of appeals of the city of Bridgeport (board) denied the application, and the plaintiff appealed to the Superior Court. The trial court granted a motion by neighboring property owners, Stuart Rosenberg and William McCarthy, to intervene as party defendants opposing the plaintiff's appeal. The trial court determined that the board had acted arbitrarily in denying the plaintiff's application, and therefore sustained the plaintiff's appeal. This court granted the intervening defendants' petition for certification, and denied the plaintiff's petition;[1] the named defendant did not appeal. The intervening defendants claim that the trial court improperly (1) substituted its judgment for that of the board regarding the credibility of an expert witness, and (2) concluded

[1] The plaintiff also filed a cross appeal which, after a hearing by this court, was dismissed suo motu on November 23, 1993, on the ground that the plaintiff was denied certification for review as required by General Statutes § 8-8 (o).

that substantial evidence did not exist in the record to support the board's findings.

The plaintiff owns a full-service gasoline station located in a light industrial zone on North Avenue in Bridgeport. The plaintiff submitted a petition for a special exception to construct a building on that site that would serve as a snack shop, to build a canopy over the pumps and to replace the existing islands with self-service islands. Two reasons were given for the board's denial of the plaintiff's application: "(1) the establishment of the additional convenience snack shop use together with a gasoline station would generate additional on-site traffic. The proposed on-site traffic flow pattern, with the only exit being on French Street, would cause a backing up of traffic exiting the site resulting in an improper and hazardous exiting from the site directly onto North Avenue. (2) The granting of this petition will adversely impact the already existing traffic congestion in the immediate area."

On the plaintiff's appeal, the trial court took judicial notice of an earlier file, *Mobil Oil Corp.* v. *Zoning Board of Appeals,* Superior Court, judicial district of Fairfield, Docket No. 274219 (April 18, 1991), concerning the same parcel of property. There, the board denied the plaintiff's earlier application for a special exception and a variance to construct a snack shop and two self-service islands running parallel to North Avenue, which fronts the property. The sideline variance was needed in order to construct a required fire suppressive canopy over the pumps. On appeal, the trial court reversed the board as to the special exception but concluded that the board's denial of the variance was supported by the record and, therefore, dismissed the appeal as it pertained to the variance. Rather than further appeal that decision, the plaintiff redesigned its application for a special exception to obviate the need for a variance. The new application proposed to construct the same

snack shop, and four instead of two self-service islands positioned diagonally to North Avenue, making French Street the primary exit. The trial court's judgment for the plaintiff on its appeal of the board's denial of the special exception is now before this court.

## I

As a preliminary matter, we must first consider whether the intervening defendants have standing.[2] "The issue of standing implicates the court's subject matter jurisdiction." *Appeal from Probate of Bencivenga,* 30 Conn. App. 334, 337, 620 A.2d 195 (1993), aff'd, 228 Conn. 439, 636 A.2d 832 (1994).[3] Standing focuses on the party seeking to be heard and not on the issues that party wants to have decided. *Zoning Board of Appeals* v. *Planning & Zoning Commission,* 27 Conn. App. 297, 300, 605 A.2d 885 (1992). The focus is on whether one is a proper party to request adjudication of the issues, rather than on the substantive rights of the aggrieved parties. *Nye* v. *Marcus,* 198 Conn. 138, 141, 502 A.2d 869 (1985). A party cannot rightfully invoke the jurisdiction of the court unless that party has some real interest in the cause of action, or

[2] The plaintiff contends that the trial court abused its discretion in allowing the defendants to intervene and argues that the defendants are not "aggrieved" by the judgment of the trial court. Having been made party defendants, the defendants are aggrieved by the judgment of the trial court. The true issue on appeal is one of standing.

Even if the trial court improperly allowed the defendants to intervene, that issue is not properly before us on appeal since that claim, raised by the plaintiff, is neither a counterstatement of an appellant's issue nor an issue properly raised under Practice Book § 4013. The plaintiff's failure to follow the dictates of our rules of practice provides sufficient grounds for our refusal to review the claim now raised. *State* v. *One 1981 BMW Automobile,* 15 Conn. App. 589, 598, 546 A.2d 879 (1988). For the same reasons, we decline to address the plaintiff's claim of collateral estoppel.

[3] "Once the question of lack of jurisdiction of a court is raised, '[it] must be disposed of no matter in what form it is presented.' *Carten* v. *Carten,* 153 Conn. 603, 610, 219 A.2d 711 (1966)." *Cross* v. *Hudon,* 27 Conn. App. 729, 732, 609 A.2d 1021 (1992).

a legal or equitable right, title or interest in the subject matter of the controversy. *Investors Mortgage Co.* v. *Rodia,* 31 Conn. App. 476, 479, 625 A.2d 833 (1993). There must be a colorable claim that the party has suffered or is likely to suffer direct injury, in an individual or representative capacity. *Maloney* v. *Pac,* 183 Conn. 313, 321, 439 A.2d 349 (1981). "[A] personal stake in the outcome of the controversy . . . provides the requisite assurance of concrete adverseness and diligent advocacy." (Citations omitted; internal quotation marks omitted.) *Rose* v. *Freedom of Information Commission,* 221 Conn. 217, 223–24, 602 A.2d 1019 (1992).

General Statutes § 8-8 permits abutting landowners to appeal from an adverse decision of the zoning board of appeals. General Statutes § 52-102 permits any person who claims an interest in the controversy adverse to that of the plaintiffs to be made a defendant.[4] An applicant for intervention has a right to intervene under Practice Book § 99 where that party's interest is of such a direct and immediate character that the applicant will either gain or lose by the direct legal operation and effect of the judgment. *Horton* v. *Meskill,* 187 Conn. 187, 195, 445 A.2d 579 (1982).

The record discloses that the intervening defendants are part owners of a business located at 555 Center Street Extension, known as Park City Tobacco. The property they own is directly adjacent to the property that is the subject of this appeal.[5] The value of the inter-

---

[4] General Statutes § 52-102 provides in pertinent part: "Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff . . . ."

[5] The plaintiff argues that some type of evidentiary proof is required to support these assertions. The plaintiff can point to no requirement that dictates that the applicants had to furnish evidentiary proof supporting that statement of facts in conjunction with their motion to intervene. Further, the granting of the motion to intervene is not before us on appeal. See footnote 2.

vening defendants' adjacent property might be greatly affected by an increased flow of traffic, causing increased congestion and hazardous conditions. We conclude that, because of this cognizable interest, the intervening defendants have standing in this controversy to appeal the ruling of the trial court.

## II

The intervening defendants first claim that the trial court improperly substituted its judgment for that of the board regarding an expert witness, and, in so doing, usurped the board's decision making power by adjudging issues of credibility.[6] We agree.

"It is well settled that courts are not to substitute their judgment for that of the board, and that the decisions of local boards will not be disturbed as long as honest judgment has been reasonably and fairly made after a full hearing . . . as the credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency." (Citations omitted.) *Stankiewicz* v. *Zoning Board of Appeals,* 15 Conn. App. 729, 731–32, 546 A.2d 919 (1988), aff'd, 211 Conn. 76, 556 A.2d 1024 (1989). The court's function is to determine on the basis of the record whether substantial evidence has been presented to the board to support its findings. *Huck* v. *Inland Wetlands & Watercourses Agency,* 203 Conn. 525, 540, 525 A.2d 940 (1987). "[E]vidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred.

---

[6] In addition, the defendant argues that the trial court improperly rejected the board's authority to rely on its members' own experience and knowledge regarding traffic congestion and safety. The trial court's review is based on the record, which includes the knowledge of the board members gained through personal observations of the site; *Torsiello* v. *Zoning Board of Appeals,* 3 Conn. App. 47, 50, 484 A.2d 483 (1984); or through their personal knowledge of the area involved. *Burnham* v. *Planning & Zoning Commission,* 189 Conn. 261, 267, 455 A.2d 339 (1983).

. . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. . . .'' (Internal quotation marks omitted.) Id., 541. If even one of the reasons given by the board for its denial is supported by substantial evidence, the board's decision must stand. *Connecticut Health Facilities, Inc.* v. *Zoning Board of Appeals,* 29 Conn. App. 1, 10, 613 A.2d 1358 (1992).

The zoning regulations of the city of Bridgeport set forth the standards including the required considerations that the zoning board of appeals must follow. On an application for special exception, the board must consider a number of elements, including the capacity of adjacent and feeder streets to handle peak traffic loads and the hazards created by the use, along with the extent, nature and arrangement of parking facilities, entrances and exits. Bridgeport Zoning Regulations, c. 21 § 2 (b).

The board had before it not only the site development and preliminary architectural plans submitted by the plaintiff, but also the defendants' site plan showing the traffic flow, submitted in opposition to petition. The board was familiar with the area, the intersection, and the existing congestion and traffic. The board's first reason for denying the special exception was that the plan would generate on-site traffic congestion. The traffic flow pattern would allow for exiting only onto French Street, probably resulting in on-site backup of traffic and the creation of a hazardous situation. A traffic consultant, George Koleda, testified as an expert[7] and gave his opinion that the proposed plan would cause a backup on French Street and would lead to traffic congestion resulting in a public hazard. He further

---

[7] As the trial court noted, the qualifications of Koleda for purposes of testifying as an expert were not attacked or questioned at the hearing. The trial court accepted Koleda's testimony as being that of an expert witness.

opined that the special exception would result in more cars using the site, leading to on-site congestion and a hazardous situation.

The second reason cited by the board for its denial of the special exception was that to allow the construction of the snack shop as indicated in the site plan would exacerbate the present congestion problem in the area. On this point, the board heard testimony from Koleda that the site is located in a complex five-way intersection and that vehicles exiting from nearby Route 25 would make it difficult for parties exiting from French Street to go east on North Avenue. He further noted that traffic volume on North Avenue had increased by 27 percent in the prior four years and would continue to increase at a rate of 2 percent per year. He indicated that, in his opinion, the proposed use would generate high traffic, which would create congestion and a public hazard, and that, because the sole practical means of egress was from French Street, congestion would develop that would backup into the gas station.

The trial court, in its memorandum of decision, expressed its opinion to the effect that Koleda, although an expert witness, lent nothing to the record on which the board could rely. The following single statement by the court sums up its position: "Frankly, in the court's opinion as previously indicated, Koleda's testimony and traffic study cannot form the basis for any reliable conclusion on the issue of traffic congestion." The court also discounted the neighbors' comments about the traffic congestion in the general area, but not specifically "on North Avenue as it abuts the subject parcel." The court later concluded, "it is the court's opinion that Koleda's conjectures can be given little weight."

A board can find that substantial evidence exists if the record affords a substantial basis of fact for which

the fact in issue reasonably can be inferred. *Vicino* v. *Zoning Board of Appeals,* 28 Conn. App. 500, 505, 611 A.2d 444 (1992). It is not the function of the reviewing court to weigh the evidence or to determine who is credible; that function is exclusively the board's. *Horn* v. *Zoning Board of Appeals,* 18 Conn. App. 674, 676-77, 559 A.2d 1174 (1989). The trial court's "weighing" of Koleda's testimony and assigning it little or no credibility was improper.

The trial court exceeded the scope of its judicial review when it determined that the evidence before the board was insufficient. The trial court, in effect, weighed the evidence and then determined an issue of fact; it, therefore, impermissibly substituted its judgment for that of the zoning board of appeals.

The judgment is reversed and the case is remanded with direction to render judgment dismissing the plaintiff's appeal.

In this opinion the other judges concurred.

