[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR DEFICIENCY JUDGMENT
FACTS
On June 7, 1994, a judgment of strict foreclosure entered in favor of the named plaintiff, Federal Deposit Insurance Corporation (FDIC), Receiver for Summit National Bank (Bank) upon two parcels of real property located in Torrington, Connecticut, mortgaged to the Bank by the Defendant MRP-14. The judgment debt, inclusive of principal, interest, attorney's fees and costs, amounted to $214,167.43.
The mortgage secured the promissory note of MRP-14 to the order of the Bank, dated July 10, 1987, in the principal amount of $211,000. The obligations evidenced by the note and mortgage were guaranteed by each of the individual defendants under separate CT Page 8115 instruments.
The foreclosure judgment set law days for the various defendants, commencing on July 5, 1994. The defendants failed to redeem and title became absolute in the plaintiff FDIC on July. 27, 1994. (Defendant Exhibit C, Certificate of Foreclosure dated August 3, 1994 and recorded March 16, 1995).
The FDIC filed a motion for a deficiency judgment on August 25, 1994. Thereafter, on September 16, 1994 and later supplemented by an amended motion filed on April 3, 1995, Empire Mortgage Limited Partnership (Empire) moved to be substituted as a party plaintiff respecting the motion for deficiency judgment on the ground that the FDIC had assigned to Empire its interest in the deficiency judgment.
The defendant Jeanne Samele has objected to Empire's motion, and on March 20, 1995, filed a motion to dismiss this deficiency judgment proceeding on the ground that the court is without jurisdiction because the FDIC lacked standing to move for a deficiency judgment. The defendants Carmen Samele, Carmella Tromba and Scott Tromba have orally joined in the objection and motion to dismiss of the defendant Jeanne Samele.
The court is confronted with three basic issues: (1) whether to grant the defendant's motion to dismiss; (2) whether to grant Empire's motion for substitution; and, (3) the valuation of the mortgaged properties for deficiency judgment purposes.
I. The Defendant's Motion To Dismiss
The defendant argues that FDIC had no standing to file the motion for a deficiency judgment because prior to filing the motion, it assigned all of its interests in the underlying note and mortgage and the subject premises to Empire, and thereby surrendered any interest in the deficiency judgment proceeding. The defendant also contends that Empire lacks standing because it is not a party to this action and if it were made a party, Empire's substitution would not relate back to the deficiency judgment motion because the motion to substitute was filed after FDIC filed the deficiency judgment motion.
The plaintiff FDIC did not file any opposition to this motion. Empire, who has yet to be made a party to this action, filed a memorandum in opposition to the motion to dismiss arguing that CT Page 8116 FDIC, as a party to the mortgage foreclosure, had standing to file the motion for deficiency judgment under General Statutes Sec. 49-14. Furthermore, Empire contends that FDIC's assignment of the note and mortgage prior to the filing of the motion for deficiency judgment was ineffective to transfer all of FDIC's interests in this matter because the note and mortgage merged with the judgment of foreclosure.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624, 461 A.2d 991 (1983). A motion to dismiss attacks the jurisdiction of the court, "essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "Standing concerns the legal right of an individual to set the machinery of the courts in operation." (Citations omitted.)Stroiney v. Crescent Lake Tax District, 205 Conn. 290, 294,533 A.2d 208 (1987). Standing goes to the court's subject matter jurisdiction, and, thus, a motion to dismiss based on such grounds may be made at any time. Id.
The deficiency judgment statute, General Statutes Sec. 49-14, provides that "[air any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment." In the present case, the time limited for redemption expired on July 27, 1994. The foreclosing plaintiff, FDIC, therefore, had thirty days from that date to file a motion for deficiency judgment. The parties do not dispute that FDIC filed the motion within the thirty day limit of Sec. 49-14 and that FDIC was a party to the mortgage foreclosure.
The defendants contend, however, that even though FDIC was a party to the mortgage foreclosure, it lacked standing to move for a deficiency judgment because on July 6, 1994, FDIC executed an assignment of the underlying note and mortgage to Empire, which was recorded on August 22, 1994. On August 18, 1994, FDIC also executed a quit claim deed to Empire, which was recorded on November 22, 1994. The defendants argue that by virtue of these transactions, FDIC surrendered its interest in a deficiency judgment, and, therefore, lacked any standing to move for a deficiency judgment on August 25, 1994. The court disagrees.
The issue of standing focuses on whether a party is a proper CT Page 8117 party to request adjudication of the issues, rather than on the substantive rights of the parties. Nye v. Marcus, 198 Conn. 138,141, 502 A.2d 869 (1985). Section 49-14 expressly provides that "any party to a mortgage foreclosure" may move for a deficiency judgment. Under the express language of this statute, FDIC was the proper party to request the adjudication of a deficiency judgment since it was the foreclosing plaintiff in the mortgage foreclosure.
Additionally, the plaintiff FDIC's assignment of the note and mortgage to Empire was ineffective to transfer its rights to a deficiency judgment. "Under General Statutes Sec. 49-1, a judgment of strict foreclosure extinguishes all rights of the foreclosing mortgagee on the underlying note, except those enforceable through the use of the deficiency judgment procedure delineated in General Statutes Sec. 49-14." First Bank v. Simpson, 199 Conn. 368, 370,507 A.2d 997 (1986); Eichman v. J J Building Co., 216 Conn. 443,448, 582 A.2d 182 (1990). This is so because once a mortgage is foreclosed, Sec. 49-1 bars "any further action upon the mortgage debt, note or obligation. . . ." Thus, FDIC could not assign the note and mortgage to Empire in July 1994 because judgment of strict foreclosure had previously entered on June 7, 1994 and it, therefore, no longer had any rights in the note and mortgage to assign. The only rights that FDIC maintained under the note were the rights to a deficiency judgment under Sec. 49-14, which it did not assign to Empire until March 1995. At the time that FDIC moved for a deficiency judgment in August 1994, it continued to have the right to a deficiency judgment[.]
Therefore, the FDIC was the proper party to request adjudication of a deficiency judgment and it had standing to move for such a judgment. The defendant's motion to dismiss, therefore, is denied.
II. Empire's Motion For Substitution
On September 16, 1994, Empire moved to be substituted as the plaintiff in this proceeding. This motion was later supplemented by an amended motion in which Empire clarified the basis of its motion.[1] Empire claims that it should be substituted as the plaintiff because it is the real party in interest by virtue of the FDIC's assignment of its judgment and deficiency rights to Empire on March 9, 1995.
The defendants object to this motion on the ground that Empire has no standing to file this motion and that it has failed to show CT Page 8118 that it is the real party in interest. The defendants also argue that if the court grants Empire's motion, the substitution will only relate back to the date that Empire originally filed its motion, September 16, 1995. They claim that since the substitution will relate back only to this time, Empire will have no standing to pursue this deficiency judgment.
Connecticut's rules of practice permit the substitution of parties as the interests of justice require. General Statutes Secs. 52-108, 52-109; Practice Book Sec. 100, 101; FederalDeposit Ins. Corporation v. Retirement Management Group, Inc.,
supra, 31 Conn. App. 80, 84, 623 A.2d 517 (1993). Additionally, the principle of intervention of right exists in Connecticut practice, and derives from Practice Book Sec. 99 and General Statutes Sec. 52-107. Investors Mortgage Co. v. Rodia, 33 Conn. App. 476,480, 625 A.2d 239 (1993). "These rules are to be construed so as to alter the harsh and inefficient result that attached to the mispleading of parties at common law." FederalDeposit Ins. Corporation v. Retirement Management Group, Inc.,
supra, 31 Conn. App. 84.; Investors Mortgage Co. v. Rodia, supra,33 Conn. App. 484; see Hagearty v. Ryan, 123 Conn. 372, 375-76,195 A. 730 (1937). The general policy with respect to pleadings applies in the context of the substitution of a plaintiff, and, thus, a substitution "will relate back to its filing, at the very least, and back to the beginning of the action under the appropriate circumstances." Federal Deposit Ins. Corporation v.Retirement Management Group, Inc., supra, 85.
Contrary to the defendant's assertion, Empire does not need to be a party to the action to move to be substituted as a plaintiff because Practice Book Sec. 99 provides that "[i]f a person not a party to the action has an interest or title which the judgment will affect, the court, on his motion, shall direct him to be made a party." Investors Mortgage Co. v. Rodia, supra, 31 Conn. App. 480. General Statutes Sec. 52-107 has nearly identical language. Id., 480-81. Under these express provisions, a person who is not a party to the action may move to be substituted as of right.
In this case, there is no question that the real party in interest is Empire. The original plaintiff, FDIC, assigned to Empire its interest in the deficiency judgment on March 7, 1995. The defendant has presented no evidence that this transaction is invalid. As a result of this transaction, FDIC no longer has an interest in this deficiency judgment. Instead, Empire is the real party in interest as the owner of the obligation and is the proper CT Page 8119 party to seek the deficiency judgment. See Investors Mortgage Co.v. Rodia, supra, 31 Conn. App. 483. Empire also has a direct and immediate interest in this proceeding, and, therefore, is entitled to intervene as of right under Practice Book Sec. 99 and General Statutes Sec. 52-107. Id., 481.
Since Empire is the real party in interest, the granting of its motion for substitution will "relate back to the original pleading;" Federal Deposit Ins. Corporation v. RetirementManagement Group, Inc., supra, 31 Conn. App. 84. In this proceeding, that pleading is FDIC's motion for deficiency judgment filed on August 25, 1994. The defendants will not be unfairly prejudiced by allowing Empire's substitution to relate back to this motion because they were fully apprised that a deficiency judgment was being sought in this action, and that Empire sought to be substituted. See Federal Deposit Ins. Corporation v. RetirementManagement Group, Inc., supra, 31 Conn. App. 84-85.; InvestorsMortgage Co. v. Rodia, supra, 33 Conn. App. 484. The defendants ability to protect themselves from a deficiency judgment is not altered whether Empire or FDIC is the plaintiff prosecuting the motion since the only change in the proceeding is the identity of the plaintiff.
Since Empire is the proper party to prosecute this motion for a deficiency judgment, its motion to be substituted as the plaintiff is granted.
III. Valuation
A party seeking a deficiency judgment following a judgment of strict foreclosure bears the burden of establishing the fair market value of the property in question as of the date that title vested in such party. Eichman v. J J Building Company, 216 Conn. 443,582 A.2d 182 (1990). The plaintiff must provide the court with sufficient evidence to demonstrate that it is entitled to a deficiency judgment. Id., 450. The plaintiff must prove that the property was worth less than the amount of the debt on the date of the vesting of title, and, therefore has the burden of presenting sufficient evidence for the trial court to determine the value of the property on that date. Id., 451. In determining valuation, the court may adopt, but is not bound by, the opinions of the expert witnesses. New Haven Savings Bank v. West Haven SoundDevelopment, 190 Conn. 60, 69-70, 459 A.2d 99 (1983). Faced with a conflict in such expert testimony, the court, as it is privileged to do, may adopt the testimony it believes to be more credible; CT Page 8120Hartford Federal Savings Loan Assn. v. Tucker, 196 Conn. 172,183, 491 A.2d 1084, cert. denied, 474 U.S. 920, 106 S.Ct. 250,88 L.Ed.2d 258 (1985); or it "may properly conclude that under all the circumstances a compromise figure more accurately reflects fair market value." New Haven Savings Bank v. West Haven SoundDevelopment, supra, 70.
The parties acknowledge that previous orders of this Court provided that (1) no further interest shall accrue on the mortgage debt for purposes of determining the deficiency, and (2) the foreclosed properties shall be valued for deficiency purposes as of August 2, 1993.[2] The parties further acknowledge that the value of the foreclosed properties has steadily decreased since August 2, 1993.
The foreclosed properties consist of two multi-family structures of wood frame construction, each approximately 70 years of age, respectively located and known as Numbers 690-692 Main Street and 694-696 Main Street, in Torrington, Connecticut. At this hearing, Empire and the participating defendants each presented the testimony and appraisal report of an expert on the issue of value as of the August 2, 1993 valuation date.
The Court has carefully considered the testimony and reports of these experts. The court accepts the valuations presented by Defendants' expert. He has had extensive experience in the subject Torrington area, as well as familiarity with the subject properties, contrary to that of Empire's expert.
Accordingly, the Court values 690-692 Main Street at $100,000 and 694-696 Main Street at $85,500, totalling in all $185,500. Deducting that sum from the judgment debt of $214,167.43 leaves a deficiency of $28,667.43.
In addition, attorney's fees of $500.00 are awarded to counsel for Empire. Under the circumstances, no costs shall be assessed against any party.
Judgment shall enter in favor of the substituted plaintiff Empire Mortgage Limited Partnership against the defendants in the amount of $28,667.43 plus attorney's fees of $500.00, in all totalling $29,167.43.
DAVID L. FINEBERG, J. Superior Court Judge CT Page 8121