[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 25, 1994, the Town of Cheshire Public Works Department (hereinafter "applicant") filed an application for a special permit with the defendant, Cheshire Planning and Zoning Commission (hereinafter "Commission") with regard to three acres of its property. The property presently lies in an R-20A zone. The application requested that the commission grant a special permit to allow, as an affordable housing development, the relocation of town-owned houses to property owned by the plaintiff.
The public hearing on the first application filed by the applicant began on September 12, 1994. The hearing was closed on October 11, 1994. A vote to reopen the public hearing was taken on October 24, 1994 and the reopened public hearing began on November 14, 1994. At that meeting the commission announced the application had been withdrawn.
The public hearing on the second application took place on December 12, 1994. The second application was a modification of the original one and requested a special permit for the relocation of two town-owned houses as affordable housing. ROR Item 1. (The applicant originally discussed placing three or four houses on the CT Page 11840 subject property but applied for the special permit to move two. In its second application it applied to move two houses. ROR Item 51, p. 70-72.) The second application was denied on January 23, 1995. The plaintiff filed this appeal on February 9, 1995. On March 6, 1995 abutting owners Pauline Dionne and James Sheehan filed a motion to be made party defendants. On April 8, 1995 that motion was withdrawn.
The Affordable Housing Land Use Appeals Act, codified at General Statutes, Section 8-30g, became effective in 1990. The Act modifies the procedure of judicial review of certain land use appeals to the Superior Court. The land use appeals affected by section 8-30g are those in which the development proposed includes a certain percentage of affordable housing as defined by the Act.
An affordable housing development is defined as a "proposed housing development (A) which is assisted housing or (B) in which not less than twenty per cent of the dwelling units will be conveyed by deeds containing covenants or restrictions which shall require that such dwelling units be sold or rented at, or below, prices which will preserve the units as affordable housing as defined in section8-39a, for persons and families whose income is less than or equal to eighty per cent of the area median income, for at least twenty years after the initial occupation of the proposed development. . . ." General Statutes, Sec. 8-30g(a)(1).
Section 8-30g(a)(2) provides that "`an affordable housing application' means any application made to a commission in connection with an affordable housing development by a person who proposes to develop such affordable housing. . . ."
The Act permits an appeal by "[a]ny person whose affordable housing application is denied or is approved with restrictions which have a substantial adverse impact on the viability of the affordable housing development or the degree of affordability of the affordable dwelling units. . . ." Sec. 8-30g(b)
Before considering the arguments advanced by the applicant, including any allegations of procedural irregularities, the court must first determine whether or not it has subject matter jurisdiction to decide this matter.
The defendant argues that this appeal is not properly within the appeal procedure set forth in section 8-30g(b) because the applicant is not a person who proposes to develop affordable housing CT Page 11841 and therefore the applicant lacks standing. Sec. 8-30(a)(2).
"`The issue of standing implicates the court's subject matter jurisdiction.' Appeal from Probate of Bencivenga, 30 Conn. App. 334,337, 620 A.2d 195 (1993), aff'd 228 Conn. 439, 636 A.2d 832
(1994). Standing focuses on the party seeking to be heard and not on the issues that party wants to have decided. Zoning Board ofAppeals v. Planning Zoning Commission, 27 Conn. App. 297, 300,605 A.2d 885 (1992). The focus is on whether one is a proper party to request adjudication of the issues, rather than on the substantive rights of the aggrieved parties. Nye v. Marcus, 198 Conn. 138, 141,502 A.2d 869 (1985). A party cannot rightfully invoke the jurisdiction of the court unless that party has some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. Investors Mortgage Co., v.Rodia, 31 Conn. App. 476, 479, 625 A.2d 833 (1993). There must be a colorable claim that the party has suffered or is likely to suffer direct injury, in an individual or representative capacity. Maloney v.Pac, 183 Conn. 313, 321, 439 A.2d 349 (1981)." Mobil Oil Corp. v.Zoning Board of Appeals, 35 Conn. App. 204, 207, 644 A.2d 401
(1994).
Until enactment of section 8-30g, traditional zoning appeals were governed by the provisions of section 8-8 which permits only those who are aggrieved by a commission decision to appeal. Strikingly absent from the language of the Affordable Housing Appeals Act, however, is the requirement of aggrievement. Therefore, the applicant here must be the "person" who proposes to develop the affordable housing.
In Richards v. Planning and Zoning Commission, 170 Conn. 318,323, 365 A.2d 1130 (1976), the court discussed the necessary interest a nonowner applicant must possess in order to have standing to apply for a special permit. While its list of considerations is not exhaustive, the court delineated the following as relevant in determining whether the applicant was a real party in interest with respect to the subject property:
1. whether the applicant is in control of the property;
2. whether he is in possession or has a present or future right to possession;
3. whether the use applied for is consistent with the applicant's interest in the property; CT Page 11842
4. the extent of the interest of other persons in the same property.
Richards v. Planning and Zoning Commission, 170 Conn. 318, 323,365 A.2d 1130 (1976).
Here the applicant has no ownership interest in the subject property. The applicant is not in control or in possession of the subject property. The applicant's ownership interest is in the two houses to be relocated from its municipal property to the subject property. Therefore, the town's ownership interest is not specific to this parcel of land. Even were the commission to grant the permit, the town would have no future possessory interest in, or control over, the type of housing the plaintiff could build on the remaining portion of the plaintiff's parcel. It is the land itself that is the subject of the application and not the town's houses.
The court is mindful of the principles of statutory construction in recognizing that sec. 8-30g(b) does not provide for aggrievement as a jurisdictional threshold. In West Hartford Interfaith Coalition,Inc. v. Town Council, 228 Conn. 498, 508, 636 A.2d 1342 (1994) the court stated, ". . . when the language of a statute is plain and unambiguous we need look no further than the words themselves because we assume that the language expresses the legislature's intent." American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 193,530 A.2d 171 (1987). Further we must interpret a statute according to its plain and ordinary meaning. Mazur v. Blum, 184 Conn. 116,118, 441 A.2d 65 (1981). Had the legislature decided to allow an aggrieved party a right to appeal, it would no doubt have used the word "aggrieved" as it does in section 8-8(a)(1) and (b).
This court also recognizes that section 8-30g is remedial legislation and as such "`must be liberally construed in favor of those whom the legislative intended to benefit.'" (Internal citations omitted.) Concept Associates, Ltd. v. Board of Tax Review, 229 Conn. 618,623, 642 A.2d 1186 (1994).
In D'Amato v. Orange Planning and Zoning Commission,
10 Conn. L. Rptr. No. 444, 445, (December 13, 1993, Mottolese, J.) the plaintiff owners of a parcel appealed from the decision of the commission which denied various applications in connection with an affordable housing development. The applications were signed by the owners as well as the applicant who was a non-owner contract vendee. Id. The court found that the plaintiff owners suffered CT Page 11843 classical aggrievement in that they had demonstrated a "specific, personal and legal interest [which had] been specifically and injuriously affected by the commission's decision." Id., 447. (Internal quotation marks omitted.) However, the court found that the applicant had standing under the statute because the applicant, not the owner, proposed to develop affordable housing. Id. Since the applicant had standing but did not appeal, and the owner was aggrieved but did not have standing to appeal, the court transferred the case to another jurisdiction, concluding that the plaintiff owners were entitled to bring their appeal in the traditional manner for zoning appeals. Id., 448.
In this case the applicant is not the proposed developer of affordable housing. The applicant, therefore, has no standing to appeal. The plaintiff owner provided evidence by virtue of a certified deed and title abstract that it was classically aggrieved. However, the crucial issue of whether or not the housing authority has standing remains. In D.S. Associates v. Planning and ZoningCommission, 27 Conn. App. 508, 511, 607 A.2d 455 (1992) the court made a statement which is applicable in the instant case, to with "[T]his is one of those rare cases in which the plaintiff is aggrieved but does not have standing."
The court finds that there is evidence in the record that the housing authority proposes to move the two houses to the subject site which it owns. There it will renovate the houses for use as affordable housing. The court notes that on November 16, 1994, the plaintiff adopted a resolution granting authority to the town to apply to the commission for a modification of the proposal to permit "three house locations." ROR, Item 5. This resolution is not consistent with the application which speaks of relocating two houses. ROR Item 1. Therefore, even were the court to stitch together some notion of notice or waiver or consent sufficient to support standing, the court would be vitiating the requirement of standing as set forth in the statute. Had the legislature intended to permit a non-developer applicant to serve as the owner's agent and to have standing it would not have limited the definition of the application to one made by "a person who proposes to develop affordable housing."
The court finds that in an affordable housing appeal a plaintiff must be an applicant, whether or not aggrieved, in order to have standing. Accordingly, the appellant's appeal is dismissed as an affordable housing proposal as the court lacks jurisdiction. CT Page 11844
Leheny, J.