[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff operates a real estate office on a portion of the first floor of a one story structure on the Boston Post Road, within the Central Business District Zone ("CBD"). This appeal arose from the defendant's denial of plaintiff's application to CT Page 8172 expand its real estate offices into adjacent space containing an additional 680 square feet.
The Darien Zoning Regulations, Section 654, provide that in the CBD Zone, business and professional offices on the first floor shall be permitted subject to approval of a Special Permit in accordance with Section 1000. Business and professional offices are a permitted principal use in the CBD Zone provided such uses are located on upper floors, as set forth in Section 652. The definition "Offices, Businesses Professional," as set forth in Section 200, includes real estate agents.
The plaintiff claims that the Regulations regarding office use in the CBD Zone set vague standards which give absolutely no objective guidance to a reader as to when first floor offices are to be allowed and when they are not to be allowed.
The defendant argues, "Evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred . . . If even one of the reasons given by the Board for its denial is supported by substantial evidence, the Board's decision must stand." MobileOil Corporation v. Zoning Board of Appeals, 35 Conn. App. 204,209. There was considerable testimony at the Public Hearing to support the Commission's conclusion that the block in question is a very viable retail area.
After a review of the Return of Record and the Briefs, the court affirms the decision of the Planning and Zoning Commission.
For many years, the Boston Post Road has been the major commercial thoroughfare running in an east/west direction for the length of the town. To encourage the concentration and centralization of retail use within the CBD Zone, the Town has purchased, built and maintained many municipal parking lots in the CBD Zone.
The plaintiff, in its brief, places great emphasis on the decision reached, based on almost identical facts, in 870 PostRoad Corporation Et Al v. Darien Planning Zoning Commission.
At the time 870 Post Road was decided, there was no Section 1005h of the Darien Zoning Regulations. Section 1005h provides:
"In cases involving a request for an exception of CT Page 8173 Section 651 for special permission for a first floor office in lieu of commercial sales and service within the Central Business District, the Commission shall consider the presence or absence of off-street parking in direct proximity of the site, the character of surrounding uses, convenience of pedestrian access, location within the CBD and directly related types of considerations regarding the policies of the Town Plan of Development and the preference for commercial sales and services uses on the first floor."
That portion of the above Section 1005h stating that the Commission shall consider the policies of the Town Plan of Development is consistent with the enabling legislation found in Conn. Gen. Stat. § 8-2: "Such Regulations shall be made in accordance with a comprehensive plan and in adopting such Regulations the Commission shall consider the plan of conservation and development prepared under § 8-23."
Further, consistent with the enabling legislation found at § 8-2, the stated intention of the Darien zoning regulations is to strengthen the viability of retail business in the Central Business District, and to accomplish this the Planning and Zoning Commission has recognized that it must encourage pedestrian activity and reduce traffic and traffic congestion so that shoppers will want to come to the CBD. The Planning and Zoning Commission has further concluded that retail use works best on the first floor in the CBD, while office use is workable on either the first floor or the second floor. Since the number of retail locations on the first floor of the CBD is finite, rather than outlaw office uses on the first floor in the CBD altogether, the Planning and Zoning Commission has developed a more flexible approach in the special permit process by permitting office uses on the first floor upon a finding that retail use in a specific situation is not viable.
The court finds that the Commission denied the application for a special permit based in part upon "general considerations" and broad legislative statements contained in the general considerations section of the Regulations.
In Whisper Wind Development Corporation v. MiddlefieldPlanning Zoning Commission, et al, 32 Conn. App. 515, 519 the CT Page 8174 court found as follows:
 "The trial court concluded that a zoning authority may deny a special permit application on the basis of general considerations in the local zoning regulations even where the plaintiff's application complies with the detailed technical requirements established in the regulations for the specific proposed use. The trial court also determined that the plaintiff failed to prove that the record did not support the reasons for the denial given by the commission.
The Supreme Court upheld the decision of the Appellate Court.Whisper Wind Development Corp. v. Planning Zoning Commission,229 Conn. 176.
 "The basic rationale for the special permit . . . is that while certain land uses may be generally compatible with the uses permitted as of right in a particular zoning district, their nature is such that their precise location and mode of operation must be individually regulated because of the particular topography, traffic problems, neighboring uses, etc., of the site." T. Tondro, Connecticut Land Use Regulations (2d Ed. 1992), p. 175; Barberino Realty Development Corporation v. Planning Zoning Commissions, 222 Conn. 607, 612, 610 A.2d 1205 (1992).
"It is well settled that the courts are not to substitute their judgment for that of the board, and that the decision of local boards will not be disturbed as long as honest judgment has been reasonably and fairly made after a full hearing." Mobile OilCorp. v. Zoning Board of Appeals, 35 Conn. App. 204, 209.
The Commission's decision denying the Special Permit is amply supported by the Record. The plaintiffs' appeal is therefore dismissed.
So Ordered.
Dated at Stamford, Connecticut, this 4th day of August, 1997.
RICHARD J. TOBIN, JUDGE CT Page 8175