## PATRICK CONETTA *v.* ZONING BOARD OF APPEALS OF THE CITY OF STAMFORD ET AL.
### (14620)

Foti, Lavery and Heiman, Js.

Argued March 25—officially released July 9, 1996

*Samuel J. Bernstein*, for the appellants (defendants).

*Frank W. Livolsi, Jr.*, for the appellee (plaintiff).

LAVERY, J. The defendants[1] appeal from the judgment of the trial court sustaining the plaintiff's appeal and reversing the decision of the Stamford zoning board of appeals (board) that the defendant's plumbing business constituted a lawful nonconforming use. The controlling issue in this appeal is whether the trial court

---

[1] The defendants in this appeal are the Stamford zoning board of appeals and Anthony Sessa. In this opinion, we refer to Anthony Sessa as the defendant.

impermissibly substituted its factual findings for those of the board.

The facts are as follows. In March, 1993, the plaintiff, a neighbor of the defendant, complained to the Stamford zoning enforcement officer that the defendant was conducting an illegal plumbing business in a residential zone that prohibits commercial uses. After investigation, the zoning enforcement officer refused to issue a cease and desist order, finding that the plumbing business being conducted at the premises by the defendant was a continuation of a valid nonconforming use. The plaintiff, pursuant to statute, appealed the zoning enforcement officer's ruling to the board.

At a public hearing, the plaintiff conceded that the defendant's father purchased the property in May, 1950, prior to the enactment of the applicable zoning regulations,[2] and began to build on the property later that year. The building was not completed until 1952. The defendant's father owned the property from 1950 until his death in 1980, at which time it passed by will to his widow who, in turn, conveyed it to the defendant. At the time the defendant's father purchased the property, he was working as a plumber. The plaintiff claimed before the board that the defendant's plumbing business did not exist on the premises prior to November 30, 1951, or, in the alternative, that the nonconforming use was abandoned between 1981 and 1990, when it was illegally expanded.

---

[2] Article IV, § 10, of the Stamford zoning regulations provides: "Any building or use of land or building legally existing at the time of enactment of this regulation, or of any amendments thereto, or authorized lawful permit issued *prior to the adoption of these regulations* which does not conform to the provisions of these regulations for the Use Districts in which it is located, shall be designated a non-conforming use. *Such use may be continued but may not be extended or expanded, or changed to a less restrictive use as listed in the LAND USE SCHEDULE IN APPENDIX A.*" (Emphasis added.) The zoning regulations were adopted on November 30, 1951.

The zoning enforcement officer testified before the board that he conducted an investigation upon receiving the plaintiff's complaint. He talked to the defendant and inspected the property. The officer also reviewed affidavits submitted by Gerald Pellegrino, Jerry Sessa and Nicoletta Sessa, which became part of the record before the board. Pellegrino, who identified himself as a cousin of the defendant, attested that the defendant's father bought the vacant land in 1950 and immediately began using it for his plumbing business. Pellegrino stated that he knew that because he worked on the construction of the house with the defendant's father. Jerry Sessa, the defendant's uncle, stated that his brother bought the property in May, 1950, and immediately began using it for his plumbing business. The defendant's mother stated that her husband bought the property in 1950 and immediately began using it for his plumbing business.

The defendant's attorney told the board that two of the affiants were present and would testify that the defendant's father used the property for the operation of his plumbing business prior to November 30, 1951. The defendant's attorney stated that Pellegrino and Jerry Sessa would testify that during the construction of the house, pipes were strewn all over the ground, an area was set aside for parking the plumbing trucks and that "[a]ll during the time that this house was being constructed . . . if you needed a certain piece of pipe, you would go out on the lawn and look around and kick some grass and there was some pipe and it was all over the place."

The defendant's next-door neighbor since 1956 was also available to testify at the hearing. The defendant's attorney stated that the neighbor would testify that since 1956 the Sessa family had operated the plumbing business on the property. The defendant's attorney also told the board that the defendant was present and that

the board could question him. The defendant's attorney also stated that when the defendant was in high school he became an apprentice with his father and that he had run the family business since that time.

The board upheld the decision of the zoning enforcement officer. In its decision, the board stated: "The board finds that the business has been in continuous operation since November 30, 1951. The board also finds that the business is confined to the garage and the trucks parked on the premises and therefore there has been no illegal expansion of this nonconforming use." The plaintiff appealed to the Superior Court claiming that (1) the business did not exist at the location prior to the adoption of the zoning regulations so that no legal nonconforming use ever existed, (2) the addition of a four car garage that houses the plumbing business was an illegal expansion of a nonconforming use, and (3) the defendant abandoned the legally nonconforming use between 1985 and 1990 when the defendant operated his business from an entirely different location.

The trial court found that the board acted illegally, arbitrarily and in abuse of its discretion in affirming the zoning enforcement officer's decision and concluded that the nonconforming use did not exist on the premises at the time of the adoption of zoning regulations on November 30, 1951.[3] The trial court concluded from its examination of the record that the board knew that construction of the residence was not completed until 1952, that there was no telephone there until 1952 and that no reference exists in local business directories of a plumbing business at that location in November, 1951. The trial court held that the board abused its

---

[3] In a footnote, the trial court stated that it specifically declined to analyze issues of the illegal expansion of a legal nonconforming use and the abandonment of a legal nonconforming use because of its determination that the use of the premises is illegal and does not constitute a legally nonconforming use.

discretion because it was difficult to see how a vacant lot or one with a house under construction could be adapted or actually employed for a plumbing business. The trial court did not attach significance to the affidavits because the affiants did not offer evidence showing that the plumbing business had begun immediately or explaining how the business could be conducted from an empty lot.

In *Caserta* v. *Zoning Board of Appeals*, 226 Conn. 80, 88–89, 626 A.2d 744 (1993), our Supreme Court held that a zoning board of appeals hears and decides an "appeal" de novo. The *Caserta* court stated: "Our case law further reinforces the de novo nature of the hearing conducted by the zoning board of appeals. It is the board's responsibility, pursuant to the statutorily required hearing, to find the facts and to apply the pertinent zoning regulations to those facts. *Toffolon* v. *Zoning Board of Appeals*, 155 Conn. 558, 560–61, 236 A.2d 96 (1967); *Connecticut Sand & Stone Corporation* v. *Zoning Board of Appeals*, 150 Conn. 439, 442, 190 A.2d 594 (1963). In doing so, the board 'is endowed with a liberal discretion . . . .' Id. Indeed, under appropriate circumstances, the board 'may act upon facts which are known to it even though they are not produced at the hearing.' *Parsons* v. *Board of Zoning Appeals*, 140 Conn. 290, 99 A.2d 149 (1953). The principal procedural limitations on the hearing are that 'there must be due notice of the hearing, and at the hearing no one may be deprived of the right to produce relevant evidence or to cross-examine witnesses produced by his adversary or to be fairly apprised of the facts upon which the board is asked to act.' Id., 293." Id., 90.

" 'It is well settled that courts are not to substitute their judgment for that of the board, and that the decisions of local boards will not be disturbed as long as honest judgment has been reasonably and fairly made

after a full hearing . . . as the credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency.' (Citation omitted.) *Stankiewicz* v. *Zoning Board of Appeals*, 15 Conn. App. 729, 731–32, 546 A.2d 919 (1988), aff'd, 211 Conn. 76, 556 A.2d 1024 (1989). The court's function is to determine on the basis of the record whether substantial evidence has been presented to the board to support its findings. *Huck* v. *Inland Wetlands & Watercourses Agency*, 203 Conn. 525, 540, 525 A.2d 940 (1987). '[E]vidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred.' " *Mobil Oil Corp.* v. *Zoning Board of Appeals*, 35 Conn. App. 204, 209, 644 A.2d 401 (1994).

In this case, the board heard the report of the zoning enforcement officer and received the three affidavits on which the officer based his finding. Each of the affiants stated that the plumbing business was conducted on the premises since June, 1950. The attorney for the defendant told the board that from the date of the deed the property was used for the plumbing business, that two of the affiants to the affidavits were present and were prepared to testify that the property was used for the operation of the plumbing business, that pipes were strewn on the ground during the period that the building was being built, that the defendant's father parked his trucks on the premises and that the plumbing business was being conducted on the premises prior to completion of the structure. The defendant's attorney also stated that the defendant was present and that the board was free to question him. He stated that the defendant started as an apprentice to his father while in high school and that they continuously had run the plumbing business from the property.

"Proceedings before an administrative board are informal. *Saporiti* v. *Zoning Board of Appeals*, 137

Conn. 478, 482, 78 A.2d 741 [1951]. Such a board is not bound by the strict rules of evidence. *Adam* v. *Connecticut Medical Examining Board*, 137 Conn. 535, 540, 79 A.2d 350 [1951]. It may act upon facts which are known to it even though they are not produced at the hearing. *Jaffe* v. *State Department of Health*, 135 Conn. 339, 349, 64 A.2d 330 [1949]; *Mrowka* v. *Board of Zoning Appeals*, 134 Conn. 149, 154, 55 A.2d 909 [1947]. The only requirement is that the conduct of the hearing shall not violate the fundamentals of natural justice. That is, there must be due notice of the hearing, and at the hearing no one may be deprived of the right to produce relevant evidence or to cross-examine witnesses produced by his adversary or to be fairly apprised of the facts upon which the board is asked to act. *Wadell* v. *Board of Zoning Appeals*, 136 Conn. 1, 8, 68 A.2d 152 [1949]." *Parsons* v. *Board of Zoning Appeals*, supra, 140 Conn. 292–93.

In *Parsons*, our Supreme Court held that the statement of the attorney is evidence that could be weighed and accepted as evidence in a hearing before a zoning board of appeals. In that case, the defendant's attorney presented facts at the hearing before the board and in the presence of opposing counsel without objection. The plaintiff's attorney had ample opportunity to refute the facts and presented evidence contradicting the defendant's presentation of the facts. The court found that, under the circumstances, the board was entitled to accept the statement in lieu of sworn testimony and to give to it such credence and weight as, in their minds, it merited. The facts in the statement, therefore, were properly before the board. Id., 293; see also *Welch* v. *Zoning Board of Appeals*, 158 Conn. 208, 212–13, 257 A.2d 795 (1969).

An examination of the record in this case satisfies us that the board, the plaintiff and the plaintiff's attorney had the opportunity to question the defendant and the

two affiants who were present at the hearing. We conclude that the board had substantial evidence before it to reach the conclusion that it did. The board could reasonably have concluded, on the basis of the evidence before it, that the Sessa family plumbing business was in operation on the premises before the building was finished and before November 30, 1951, when the Stamford zoning regulations were enacted.

The clear language of the zoning regulation at issue in this case provides for nonconforming uses of land and buildings. In this instance, the building permit for the premises was issued prior to the enactment of zoning, the construction of the building was commenced in 1950 and there was substantial evidence before the board that the plumbing business had been conducted since June, 1950, both on the land and on the premises while the structure was being built. The trial court impermissibly substituted its judgment for that of the board.

The plaintiff also claims that the language used by the board "that the business has been in continuous operation since November 30, 1951" demonstrates that the claimed nonconforming status must fail because the use did not exist *prior* to November 30, 1951. This argument is without merit. It is clear from the record of both the public hearings and the executive session that it was the board's intent to find a legal nonconforming use. We will not hold lay administrative boards to the standard of legal finesse set by Justices Holmes and Cardozo.

The judgment is reversed and the case is remanded to the trial court for further proceedings to determine the remaining issues.

In this opinion the other judges concurred.