[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal is brought by the plaintiffs seeking relief from a decision of the Branford Planning and Zoning Commission granting a special exception to Gregory Waterbury, Indian Neck Brewing Co., Inc., and Collins and Freeman, Inc. for a parking exemption and the operation of a restaurant and micro-brewery at 1094 Main Street, Branford, Connecticut. The plaintiffs Nuzzo own property which abuts 1094 Main Street, Branford. The other two remaining plaintiffs, own condominium units at Lockwood Towers and, in that capacity, they each have an undivided percentage interest in the common areas. The parking lot for the condominium abuts the property at 1094 Main Street, Branford. For the reasons stated hereinafter the appeal is denied.
On September 18, 1995, Gregory Waterbury and Indian Neck Brewing Company filed an Application for Certificate of Zoning Compliance and for Approval of a Site Plan or Special Use with the Branford Planning and Zoning Commission for use of the property at 1094 Main Street, Branford. The listed owner of the property, also signing the applications, is Collins Freeman, Inc. A site plan map and building plans were submitted with the application.
The application described the use of the building as follows: "The existing use of the entire first floor is retail use (C-1). The most recent use of the second floor is business/professional offices (C-2)." The site plan made the same statement.
The application went on to disclose that the proposed use(s) was as follows: "The proposed use of the building is a mixed use. A restaurant use (C-7) which shall include the front half of the CT Page 235 first floor and the entire second floor. The other use is the brewing room (C-1). The brewing room shall brew beer primarily for consumption in the restaurant." The site plan disclosed the same statement but corrected the proposed use of a brewing room to be "C-25.1".
The property is located in the Center Business BC District. It is also located in the Town Center Overlay District, which ". . . is in addition to, and overlays other districts for the purpose of defining the Town Center. . . ." (Regulation section 23.18). Regulation section 24 lists a restaurant as a commercial use requiring the approval of a site plan application by the Commission. The regulations also require "commission approval as for a new Special Use Permit . . ." for any change in Use which increases parking demand within a parking exemption area. . . ." (section 42.7)
The Site Plan provided disclosure of parking requirements for the property as required by Section 42-Parking and Loading, of the Regulations. The Commission Regulations mandate disclosure of parking requirements for both existing use as well as proposed use. The peak parking spaces calculated for the proposed restaurant and brewing room is 42 spaces: 26 spaces for patron use of first floor, 12 spaces for second floor patron use and 4 spaces for brewing room (Section 42.2). Also, a mixed use parking matrix was displayed which calculated the peak total parking spaces required at 39 spaces (Section 42.6.1). Also, one space was calculated for loading.
The parking calculated for the present use by the applicants, as disclosed by the site plan was 54 spaces: 44 spaces for first floor retail use, 6.5 spaces for second floor dental offices and 3.7 spaces for basement storage (Section 42.2).
The application was considered at the September 21, 1995 meeting of the Planning and Zoning Commission of Branford. After presentation by representatives of the applicant and receipt of correspondence from responsible Town authorities and discussion, the Commission voted to approve the site plan submitted by the applicants. Subsequent to the approval, a representative of the plaintiffs asked to be recognized from the audience. He was, after the Commission reminded him that the vote had already occurred. The representative of the plaintiff spoke in opposition to the application. CT Page 236
An appeal ensued. (See Nuzzo v. Branford Planning and ZoningCommission, Superior Court, J.D. New Haven, Docket #CV 95 35 00 38.) During the pleading stage of that appeal, the parties stipulated to the following additional facts: the most recent use of the second floor of the premises was not a dental office. Instead, its most recent use was storage for the hardware store, Collins Freeman. That hardware store closed between four and five years ago.
While that appeal was pending, on March 6, 1996, the applicant submitted a new application to the Commission seeking, instead, a special permit (or special exception) for a parking exemption pursuant to Section 42.7 of the Commission's regulations. The uses contemplated were identical; indeed, the applicant incorporated as exhibits for this application those of the previous application. Pursuant to the regulations, a public hearing is required for a contemplated use which seeks, also, a special exception for a parking exemption. "The Commission may delineate areas which shall be exempt from the provision of off-street parking spaces required under Paragraph 42.2. Delineation of a parking exemption area shall be approved by the Commission as a Special Exception in accordance with the procedure described in Section 31, "Site Plan and Special Use Requirements." Section 31 of the Regulations provides all of the site plan requirements. Section 32 requires that for a special exception applications shall be processed the same as for site plan applications, except that a public hearing is required.
A duly noticed public hearing was held on the subject application on May 2, 1996. At that public hearing, the commission heard from the applicant, supporters of the application and those who spoke in opposition to the application. Exhibits were received. The public hearing was closed. The following month, on June 6, 1996, at a regularly scheduled meeting of the Commission, the application was considered and voted on. It received approval for a special use (or special exception) as applied for, with conditions. The decision was issued and published. This appeal ensued. Since the taking of the appeal, the named plaintiff, Esther Fleischman and plaintiff Bach Vo Thi Nguyen have received permission of the court to withdraw as plaintiffs.
Aggrievement
Aggrievement is a jurisdiction issue; jurisdiction cannot be CT Page 237 waived.
"To be entitled to an appeal from a decision of the planning or zoning authorities, appellants must allege and prove that they were aggrieved parties, They are required to establish that they were aggrieved by showing that they had a specific, personal and legal interest in the subject matter of the decision as distinguished from a general interest such as is the concern of all members of the community and that they were specially and injuriously affected in their property or other legal interests [Citations omitted.]" Gregorio v. Zoning Board of Appeals,155 Conn. 422, 425-425 (1967)."
The plaintiffs have testified that they own real estate which abuts the property at 1088 Main Street, Branford. ". . . [A]ggrievement must be established in the trial court. It is a question of fact for the trial court to determine. [Citations omitted.] Parcesepe v. Zoning Board of Appeals, 154 Conn. 46, 47
(1967); Primerica v. Planning Zoning Commission, 211 Conn. 85,93 (1989).
Our legislature has determined that property owners who abut the property in question (where the use is contemplated), as here, is an aggrieved person. Connecticut General Statutes
section 8-8 (1). Therefore, the plaintiffs have established aggrievement.
The Appeal on its Merits
In considering these issues, this court must not substitute its judgment for that of the Commission. If there is support in the record for the decision of the Commission, it must be sustained.
 "''It is well settled that courts are not to substitute their judgment for that of the board, and that the decisions of local boards will not be disturbed as long as honest judgment has been reasonably and fairly made after full hearing . . . as the credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency.' (Citations omitted.) Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729, 731-32, 546 A.2d 919 (1988), aff'd, 211 Conn. 76, 566 A.2d 1024 (1989). The court's function CT Page 238 is to determine on the basis of the record whether substantial evidence has been presented to the board to support its findings. Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 540, 525 A.2d 940 (1987). '[E]vidence is sufficient to sustain an agency's finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred.' Mobil Oil Corp. v. Zoning Board of Appeals, 35 Conn. App. 204, 209, 644 A.2d 401 (1994).' Conetta v. Zoning Board of Appeals, 42 Conn. App. 133, 137-38, 677 A.2d 987 (1996). Where the board states its reasons on the record we look no further. Westport v. Norwalk, 167 Conn. 151, 162, 355 A.2d 25 (1974)." Jaser v. Zoning Board of Appeals, 43 Conn. App. 545, 547-548 (1996).
In their appeal, the plaintiffs have claimed that the Defendant Commission erred in approving an application that plaintiffs claim: 1) was erroneous, contained misrepresentations and did comply with regulation requirements, 2) and that the Commission acted illegally in approving the application and applied improper standards in reviewing and deciding the application, 3) and in permitting brewing, which plaintiffs claim is not a permitted use or permitted accessory use in the zone, and 4) the commission's decision and the reasons given are not supported by substantial evidence in the record. Each of these arguments is without merit.
Specifically, the appellants complain that the applicant's site plan does not show an abutting public parking lot, its number of spaces, and the impact on the applicant's lot by connecting to the public lot.
It also complains the dimensions of various items are not laid out. The appellants complain that the applicant did not restate the uses intended but referred to their prior submitted documents for that statement. The appellants complain of the computations utilized by the applicant in calculating parking spaces required based on proposed use. The appellants complain that the statement of use submitted by the applicant is not particular enough, particularly with reference to how much of the floor space is proposed for bar and how much for restaurant. The appellants claim that the Commission erred in its interpretation of its own regulations regarding the granting of a parking area exemption, and, utilized improper standards in determining CT Page 239 parking requirements.
The appellants claim that brewing is not a permitted use or an accessory use in the Center Business BC district in which this property is located. Largely, this attack presumes that brewed beer will be sold for off-site consumption which has been flatly denied by the applicant.
Finally, the appellants broadly claim that there is not substantial basis in the record for the Commission's approval. In deciding an application for special exception or special use, a commission acts only in an administrative capacity.
 "The terms special permit and special exception have the same legal import and can be used interchangeably. . . . A special permit allows a property owner to use his property in a manner expressly permitted by the local zoning regulation. . . . The proposed use, however, must satisfy standards set forth in the zoning regulations themselves as well as the conditions necessary to protect the public health, safety, convenience, and property values. . . . Acting in this administrative capacity, the [zoning commission's] function is to determine whether the applicant's proposed use is expressly permitted under the regulations, and whether the standards set forth in the regulations and the statute are satisfied. (Citations omitted.) Whisper Wind Dev. Corp. v. Plan Zon. Comm., 32 Conn. App. 515, 520, 630 A.2d 108 (1993).
In its decision, the Commission reflected that it considered all of the evidence and testimony presented to it at the public hearing. Further, by resolution, the Commission specifically asserted that it interpreted section 42 differently than that of the opponents at public hearing and differently than the appellants here. Also the Commission specifically found that designation of a parking exemption area "provides relief from strict adherence [to] the parking requirements of Section 42." Indeed, the court notes that the Regulations provide, regarding parking Exemption Area, "The Commission may delineate areas which shall be exempt from the provision of off-street parking spaces required under Paragraph 42.2." (Regulations section 42.7).
The decision whether to grant a parking exemption requires a CT Page 240 consideration of various factors, as listed in the Regulations. They include availability of public parking, "improvement of circulation within the Town Center by . . . provision for vehicular access and/or shared parking among adjacent properties by public easement or other means. . ." and aesthetic enhancement to the Town Center. The Commission specifically found that each of these criteria have been met. (Transcript, Commission meeting of June 6, 1996, p. 2-3.). "If the trial court's conclusions are not illogical or unreasonable, it is not the court's function to retry the case. The court [is] entitled to accord considerable deference to the board's prior interpretations of the disputed regulations. Fedorich v. Zoning Board of Appeals, 178 Conn. 610,616, 424 A.2d 289 (1979)." Shippee v. Zoning Board of Appeals,39 Conn. Sup. 436, 442-3 (1983).
There is no regulatory requirement for the applicant to distinguish bar seating from restaurant seating. Further, it is noted that food will be available to patrons at all seats. "Zoning regulations, as they are in derogation of common law property rights, cannot be construed to include or exclude by implication what is not clearly within their express terms."Planning Zoning Commission v. Gilbert, 208 Conn. 696, 705
(1988). The existence of a liquor commission regulation regarding such a differentiation is not the burden of the applicant before the zoning commission, nor is it the duty of the zoning commission to enforce another commission's regulations.
The brewing of beer for consumption at the premises is also challenged by the appellants. They, in argument, seek to distinguish between a restaurant that makes its own bread and one that makes its own beer. (Other than addressing the overall odor issue), it is not the commission's responsibility, in the absence of regulation, to regulate the permissibility of the production on premises of food and drink to be sold by a restaurant.
 "Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached. The action of the commission should be sustained if even one of the stated reasons is CT Page 241 sufficient to support it." Goldfield v. Planning Zoning Commission, 189 Conn. 261, 265 (1983).
The decision of the Commission as to all of the claims of error is supported in the record. The Commission observed the speakers at the public hearing and weighed the evidence provided them. The record discloses that they applied their regulations in a manner consistent with their language and past practice. That the appellants urge a different conclusion should be reached is not persuasive.
The appeal is denied.
Munro, J.