[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I FACTS
The plaintiff, Karen Shaw, is the owner of property located at the corner of Sport Hill Road and Stepney Road in the Town of Redding. CT Page 7236
In 1985, the plaintiff's husband, Marc Shaw, received approval from the Redding Planning Commission to subdivide the parcel into two lots. A subdivision map, map number 3225, was recorded on May 10, 1985 (ROR, B-18).
Both lot development maps show a single driveway servicing the plaintiff's property. The driveway enters the property from Sport Hill Road.
No driveway is shown entering the property from Stepney Road, except one leading to an adjoining lot. (ROR, B-18.)
The Redding Planning Commission, along with a letter signed by its chairman (ROR, B-15), also provided a map showing the buildable area on the plaintiff's property, and a driveway entering the property from Sport Hill Road.
No driveway is depicted on that map, signed by the chairman of the Redding Planning Commission on November 12, 1986.
By letter dated March 13, 1997, the commission chairman stated: "The entry onto Stepney Road was specifically denied by the Planning Commission because of its dangerous impact on a narrow, winding, hilly road." (ROR, B-15.)
In 1991, the plaintiff's husband, Marc Shaw, applied for a zoning permit to enable construction of an addition to the existing home. The survey appended to the application (ROR, B-2) showed the only access to the property via a driveway off Sport Hill Road.
When the survey was revised for another zoning application to January 21, 1993, (ROR, B-6), driveways are shown entering the property from both Sport Hill Road and Stepney Road.
This is the first documentation of a driveway servicing 110 Sport Hill Road from the Stepney Road side of the property.
Following the completion of a garage in 1993, the plaintiff and her husband, Marc Shaw, paved the driveway providing access to Stepney Road.
A cease and desist order was issued on July 7, 1994, charging a violation of 6.2 of the Redding Zoning Regulations. CT Page 7237
That section requires a permit before a driveway is paved. No permit was obtained by the plaintiff or her husband.
An action was begun to enforce the cease and desist order.
Following a trial, the court, Mihalakos, J., ordered Karen and Marc Shaw to tear up the paving.
The court's decision specifically declined to determine the validity of the driveway location, noting that the Shaws could use the driveway "at their own risk." Roese v. Shaw, Superior Court, judicial district of Danbury, Docket No. 319676 (October 1, 1997, Mihalakos, J.).
Prior to the hearing, the Shaws sought to obtain a variance from the Redding Zoning Board of Appeals, in that the Stepney Road driveway did not comply with § 3.8(b) of the Redding Zoning Regulations.
That section requires minimum sight lines of 250 feet. The Stepney Road sight line was only 180 feet to the left. (ROR, Tr. p. 3.)
The board denied the requested variance.
On October 3, 1997, another cease and desist order was issued to the plaintiff, Karen Shaw, by Redding Zoning Enforcement Officer Aimee Pardee (ROR, A-3), pursuant to § 8-12 of the Connecticut General Statutes.
The order, which directed the plaintiff to cease and desist from the use of the Stepney Road driveway, and to remove the driveway from the property, was appealed to the Redding Zoning Board of Appeals.
A hearing followed on November 19, 1997.
After the board upheld the cease and desist order, citing lack of evidence (ROR, A-4), an appeal to this court ensued.
The plaintiff advances two arguments in support of sustaining her appeal, and overturning the cease and desist order.
She first alleges that the driveway providing direct access CT Page 7238 to Stepney Road predated the adoption of the zoning regulation in February of 1986, which established the sight line requirement (§ 3.8(b)).
In the alternative, she argues that the Town of Redding is estopped from enforcing § 3.8(b) of its regulations, based upon the actions of various municipal officials.
 II AGGRIEVEMENT
The plaintiff, Karen Shaw, is the owner of property known as 110 Sport Hill Road, Redding.
The property, located at the corner of Sport Hill Road and Stepney Road, is the subject of the cease and desist order issued on October 3, 1997. (ROR, A-3.)
A party claiming aggrievement must satisfy a twofold test: (1) that party must show a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as the concern of all members of the community as a whole; and (2) the party must show that her personal and legal interest has been adversely affected. Hall v.Planning Commission, 181 Conn. 442, 444 (1980); Primerica v.Planning Zoning Commission, 211 Conn. 85, 93 (1989).
Ownership of the property demonstrates "a specific personal and legal interest in the subject matter of the decision." Huckv. Inland Wetlands Watercourses Agency, 203 Conn. 525, 530
(1987). The action of the Redding Zoning Board of Appeals, upholding the cease and desist order issued on October 3, 1997, establishes that the plaintiff's personal and legal interest has been specifically and injuriously affected.
The plaintiff, Karen Shaw, is aggrieved by the decision of the Redding Zoning Board of Appeals.
 III STANDARD OF REVIEW
When determining an appeal from a decision of a zoning enforcement officer, the zoning board of appeals is possessed of CT Page 7239 liberal discretion, and its action is subject to review by a court only to determine if it acted arbitrarily, illegally or unreasonably. Lawrence v. Zoning Board of Appeals, 158 Conn. 509,514 (1969); Toffolon v. Zoning Board of Appeals, 155 Conn. 558,560 (1967); Torsiello v. Zoning Board of Appeals,3 Conn. App. 47, 50 (1984).
A court may not substitute its judgment for that of the zoning authority, so long as the board's decision reflects an honest judgment reasonably arrived at, based upon all the facts.Jaser v. Zoning Board of Appeals, 43 Conn. App. 545, 548 (1996);Conetta v. Zoning Board of Appeals, 42 Conn. App. 133, 137
(1996); Willard v. Zoning Board of Appeals, 152 Conn. 247, 249
(1964); Nicoli v. Planning Zoning Commission, 171 Conn. 89, 94
(1976).
 A STEPNEY ROAD DRIVEWAY DID NOT PREDATE ZONING REGULATION
Ample evidence in the record supports the conclusion that the Stepney Road entrance to the plaintiff's property was constructed following the adoption of § 3.8(b) of the Redding Zoning Regulations in 1986.
Both the documents before the board, and the direct testimony of witnesses, overwhelmingly substantiate the decision of the zoning board of appeals in sustaining the October 3, 1997 cease and desist order.
The zoning enforcement officer reviewed various maps, as well as the subdivision approval, which specified the Sport Hill Road driveway (ROR, Tr. p. 42). It is clear from this evidence that no driveway existed prior to the adoption of the regulation in 1986.
Not until 1993, does any record document filed with the Town of Redding show a driveway providing access to the plaintiff's property from Stepney Road (ROR, Tr. p. 4). All records between 1988 and 1993 are consistent.
The documents are underscored by testimony from various neighbors (see testimony of Ed Bruzinski, ROR, Tr. pp. 55-59, and Noel Edwards, ROR, Tr. p. 66). CT Page 7240
Plaintiff does not dispute that the paved driveway was created subsequent to 1986. In fact, plaintiff's counsel referred to the path as a "construction entrance" while the home was under construction. (ROR, Tr. p. 28.)
Furthermore, it is clear that a condition of subdivision approval was the use of the Sport Hill Road driveway as the single entrance to the property (ROR, B-15).
Against this information, the plaintiff presented a letter in which the neighbors stated "as we remember" an entrance existed on Stepney Road prior to the construction of the home (ROR, B-10).
It can not be reasonably argued that the zoning board of appeals was compelled to ignore the avalanche of evidence presented by the zoning enforcement officer and others, in order to reach a conclusion favorable to the plaintiff.
The plaintiff's own application for a variance (ROR, Tr. pp. 2-3) belies the claim of a preexisting driveway.
The actions of the zoning enforcement officer were consistent with the evidence introduced at the hearing before the board, and the Zoning Board of Appeals had before it enough convincing evidence to sustain the cease and desist order.
 B MUNICIPAL ESTOPPEL IS NOT APPLICABLE TO THESE FACTS
The plaintiff's reliance upon the doctrine of municipal estoppel, based upon these facts, is even more tenuous.
As a general rule, estoppel can not be invoked against a public agency, in the exercise of its governmental functions.Dupuis v. Submarine Base Credit Union, Inc., 170 Conn. 344, 353
(1976); Bianco v. Darien, 157 Conn. 548, 556 (1969).
Only in a very limited number of extraordinary situations, have courts recognized that a municipality may be estopped from enforcing its regulations. Municipal estoppel is to be invoked only with great caution, and then only when (1) the resulting violation has been unjustifiably induced by an agent having authority in such matters, and (2) only when special CT Page 7241 circumstances render it highly inequitable or oppressive to enforce the regulation. Dornfried v. October Twenty-Four, Inc.,230 Conn. 622, 635 (1994); Gelinas v. West Hartford,225 Conn. 575, 590 (1993).
As in any application of estoppel, the party claiming the benefit of the estoppel must prove both that the party against whom estoppel is claimed did or said something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and that the other party changed his position in reliance upon those facts, thereby causing injury. West Hartford v. Rechel, 190 Conn. 114, 121 (1983); PetCar Products, Inc. v. Barnett, 150 Conn. 42, 53-54 (1962).
To invoke municipal estoppel to aid a plaintiff, it is necessary to demonstrate more than a mere act of reliance. Bloomv. Zoning Board of Appeals, 233 Conn. 198, 204 (1995). The party claiming the benefit of the estoppel must show that he would be subjected to a substantial loss, if the municipality were to enforce its regulations. Dornfried v. October Twenty-Four, Inc., supra, 230 Conn. 635; Zoning Commission v. Lescynski,188 Conn. 724, 731 (1982).
There must be evidence to support the conclusion that special and unique circumstances render it highly oppressive to enforce the regulations. West Hartford v. Rechel, supra, 190 Conn. 121.
No such showing has been made in this case.
The record is bereft of any evidence demonstrating that the plaintiff or her husband relied on the representations or actions of any municipal official before constructing and paving the driveway.
The plaintiff feebly offers that because the garage was constructed in 1993, facing Stepney Road, that municipal officials somehow acquiesced in the use of the Stepney Road driveway. (ROR, Tr. pp. 13-14.) Nowhere is there any indication that any municipal official instructed the plaintiff concerning the facing of the garage toward Stepney Road, or made any representation concerning the use of the driveway.
The only municipal action in the record having a direct bearing upon the use of a driveway accessing Stepney Road, is the action of the Planning Commission, which denied the plaintiff the CT Page 7242 use of any access to Stepney Road (ROR, B-15).
Even if the plaintiff could prove reliance upon the actions of a municipal official, no hardship has been presented that remotely approaches the type of situation which might cause a court or agency to consider invoking the doctrine of municipal estoppel.
The Sport Hill Road driveway is useable, and denying the use of the Stepney Road driveway does not have the effect of landlocking the plaintiff's property. Full ingress and egress will be maintained over an existing driveway.
Although not raised by this appeal, it would appear that the Redding Zoning Board of Appeals denied a variance to the plaintiff, consistent with the well-settled rule that when an applicant creates a hardship or nonconformity, a zoning board of appeals lacks the authority to grant a variance, because any hardship must arise from circumstances beyond the control of the applicant. Pollard v. Zoning Board of Appeals, 186 Conn. 32, 39
(1982); Smith v. Zoning Board of Appeals, 174 Conn. 323, 327
(1978).
 IV CONCLUSION
Because the decision of the Redding Zoning Board of Appeals sustaining the issuance of the cease and desist order finds overwhelming factual support in the record, the plaintiff's appeal is DENIED.
It is further ordered, that the plaintiff, Karen Shaw, cease and desist from any further use of the Stepney Road driveway, and that she remove the driveway from her property consistent with the cease and desist order dated October 3, 1997.
Radcliffe, J.