[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by the owners of a right-of-way from the decision of the Salisbury Zoning Board of Appeals sustaining an appeal from the decision of the Salisbury Zoning Enforcement Officer, Elizabeth Hall. The owners of the 16-foot right-of-way are plaintiffs Donahue/Ralph. Their right of way is over a lot owned by Virbila, and leads to a lake. That lot adjoins a lot owned by the Maliszewskis, and the right-of-way abuts their lot line.
Salisbury Zoning Regulation Section 423.2a forbids placing of a removable dock closer than 10 feet from a side lot line. Donahue's predecessor in title, Hacker, sought to place his removable dock at the end of his right-of-way, but closer than 10 feet from the Maliszewskis' lot line. They objected, but the ZEO on June 9, 1998 ruled that Hacker could do so because his 16-foot right-of-way constituted a "lot" within the meaning of the Salisbury Zoning Regulations; and therefore under Section 423.2a, which allows docks closer than 10 feet to a lot line if the lot is less than 20 feet wide, Hacker fell within that exception.
The Maliszewskis appealed to the ZBA on June 25, 1998 (Record CT Page 5212 No. 1), accompanying their appeal with a map showing the various properties involved (Record No. 2). The ZBA on July 2, and 9, 1998, published legal notice of a July 14, 1998 public hearing on the Maliszewskis' appeal (Record No. 9). After that hearing, the matter was tabled on July 14th in order to seek an opinion from the Town Attorney on what constitutes a "lot" (Record No. 10). That opinion was rendered by letter dated July 20, 1998 (Record No. 16). Thereafter, the ZBA gave public notice of a special meeting scheduled for July 28, 1998 on this matter (Record NO. 13). At that meeting, based upon Record No. 16, the ZBA unanimously voted to sustain the Maliszewskis' appeal on the ground that a right-of-way is not a "lot" under applicable Regulations (Record No. 17). This appeal ensued.
In this case the Decision and Order of the ZBA is Record No. 17, consisting of two pages. Attached as part of it are the letter of the ZEO of the ZBA dated July 28, 1998, and the letter of the Town Attorney to the ZEO dated July 20 (Record Nos. 15 and 16), both of which are mentioned in the Decision and Order.
These facts being so, the standard of review this Court must apply has been clearly set forth in Caserta v. Zoning Board ofAppeals, 226 Conn. 80 (1993). There, the Court discussed both the ZBA's duties and the courts standard in reviewing ZBA decisions as follows:
 "It is well settled that courts are not to substitute their judgment for that of the board, and that the decisions of local boards will not be disturbed as long as honest judgment has been reasonably and fairly made after a full hearing . . . as the credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency.' (Citation omitted.) Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729, 731-32 546 A.2d 919 (1988), aff'd. 211 Conn. 76, 556 A.2d 1024 (1989). The Court's function is to determine on the basis of the record whether substantial evidence has been presented to the board to support its findings. Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 540, 525 A.2d 940 (1987). `[E]vidence is sufficient to sustain an agency finding of it affords a substantial basis of fact from which the fact in issue can be reasonably inferred'. Mobil Oil Corp. v. Zoning Board of Appeals, 35 Conn. App. 204, 209, 644 A.2d 401
(1994)." Conetta v. Zoning Board of Appeals,
CT Page 5213 42 Conn. App. 133, 137-38, 677 A.2d 987 (1996). Where the board states its reasons on the record we look no further. Westport v. Norwalk, 167 Conn. 151, 161, 355 A.2d 25 (1974).
Jaser v. Zoning Board of Appeals, 43 Conn. App. 545. 547-548 (1996).
While plaintiff's appeal lists a host of alleged errors on defendants' part, their brief appears based upon a defective notice claim, and one gets the impression that what they seek is a remand to the ZBA for a properly-noticed hearing on the Maliszewskis' appeal (which is not one of the courses open to the Court under General Statutes § 8-8(1). At page 2 of their brief, they state:
 Plaintiffs filed this appeal because they had no notice of the proceedings before the ZBA and, therefore, had no opportunity to defend their right to maintain the dock in its established location.
Plaintiffs fasten on a claim that they did not receive notice of the hearing, and therefore had no opportunity to appear and be heard, and that this defect was jurisdictional in nature. There is a problem with plaintiffs' claim: they were not legally entitled to notice, and those who were so entitled got it.
According to plaintiffs' brief their interest in this matter derives from their purchase of Mr. Hacker's property by warranty deed dated June 26, 1998 and recorded on June 29, 1998. The ZEO decision from which the Maliszewskis appealed was rendered on June 9, 1998, and permitted Mr. Hacker to place his removable dock closer than 10 feet from the Maliszewskis' side lot line.Mr. Hacker was the only owner of the right-of-way plaintiffs later bought. The right-of-way belonged to Mr. Hacker. It was Mr.Hacker was sought to place his dock at the end of that right-of-way.
The Maliszewskis filed their ZBA appeal on June 25, 1998, a day Hacker signed his deed to plaintiffs and 4 days before they recorded it. The appeal was from a ZEO decision involving what Hacker wanted to do. This appeal involved what Mr. Hacker wanted to do.
The Record before the ZBA discloses that the ZEO, had in fact sent Mr. Hacker notice of the July 14th hearing. Indeed, she sent CT Page 5214 the notice to two of his homes: one in Salisbury and the other in New York. While the Salisbury letter was returned to the ZEO, the New York letter was not, leading to the natural assumption that Mr. Hacker had received it and therefore knew of the July 14th
hearing (Record No. 12a). Not only is his receipt of the letter a natural assumption, it is also a legal presumption: Garland v.Gaines, 73 Conn. 662, 664 (1901); Pitts v. Hartford Life Annuity Co., 66 Conn. 376, 384 (1895).
The ZBA gave notice to, and notice was received by, the only person who was a party to the Maliszewskis' ZBA appeal. And that is precisely what General Statutes § 8-7 requires: "give due notice thereof to the parties." As the hearing transcript (Record No. 12) discloses, Mr. Virbila, over whose land the right-of-way passes, was also present and spoke at the hearing. Thus, there is no jurisdictional basis for sustaining plaintiffs' appeal herein.
Plaintiffs complaint that the Maliszewskis' Application (Record No. 1) does not conform to Zoning Regulations Section 1 104.3c's requirement that it include "all data necessary for a clear understanding and intelligent action by the Board." Apparently, no one except perhaps plaintiffs was in any doubt as to the subject of the application. See, e.g., "Decision and Order" of July 14, 1998 Meeting (Record No. 11); Transcript of July 14, 1998 public hearing (Record No. 12); Minutes of July 28, 1998 Meeting (Record No. 14); "Decision and Order" of July 28, 1998 (Record No. 17).
The subject property was, in fact, the Maliszewskis' property;it was the property Section 423.2a was designed to protect by forbidding docks less than ten feet from the lot line. The Application specifically describes the June 9, 1998 decision of the ZEO appealed from and Jon Christopher Hacker as the beneficiary of that ZEO decision. The second page of the Application (Record No. 16) details precisely what the problem presented to the ZBA for decision is. The Application, in short, gave everyone, including the ZBA, the date contemplated by Regulation Section 1104.3c.
"Building" is defined as follows:
 Any STRUCTURE having a roof and intended for the shelter, housing or enclosure of persons, animals or materials. For the purpose of these Regulations a STRUCTURE more than eight feet high shall be considered a BUILDING, including CT Page 5215 a fence or wall, excluding an electric transmission line, an electric light or telephone pole, highway or railroad bridge or flagpole.
"Lot" is defined as follows:
 A plot or parcel of land under the same ownership or capable of being occupied by only one principal BUILDING and the accessory building or uses customarily incidental to it, including such area, yards and dimensions as are required by these Regulations. In the case of the public, institutional, commercial or industrial buildings, a group of buildings under the same ownership may be considered as occupying the same LOT.
The dock is not a "building". The right-of-way is not a "lot".
Third, of course, is the fact that there is no evidence that the dock in question "has been so situated for three years . . ." It is important to keep in mind that the object we discuss here is a "removable dock" — the very words of Section 423.2a, the Regulation everyone agrees is the applicable one. While that term is not specifically defined in the Zoning Regulations, the discussion at n. 1 supra makes clear that the essence of removable docks is that they are put into the water in the summer and taken out in the winter. They are not permanently located anywhere. They are transitory and ephemeral.
The legal notice of the July 14, 1998 hearing is Record No. 9. It sets forth (1) the date, time and place of the ZBA hearing; (2) the file number of the Mailiszewski application and her name; (3) the decision from which she was appealing; (4) the applicable zoning regulation; (5) the zone designation of the property; (6) the street address of Mr. Virbila, over whose property the right-of-way leading to the putative dock extends; and (7) that the application is no file in the Salisbury Town Hall's planning and zoning office. This notice is a far cry from the cryptic legal notice described in Koepke v. Zoning Board of Appeals,223 Conn. 171, 176 (1992). It fully complies with the rationale of that case and with the requirements of General Statutes § 8-7.
The ZBA complied with both the procedural and substantive law applicable to the matter before it. It correctly interpreted the Salisbury Zoning Regulations in accordance with the legal advice CT Page 5216 it received (Record No. 16). The Plaintiffs have no legitimate basis for complaint. Therefore, their appeal is dismissed.
HON. WALTER M. PICKETT, JR. JUDGE TRIAL REFEREE