[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The appellant, Stephen Berglass, has taken this appeal from a decision of the Milford Board of Zoning Appeals upholding the actions of the Milford Zoning Enforcement Office in granting a zoning permit to the appellee, Jay Dworkin.
The zoning permit relates to property owned by Dworkin known as 201 Kings Highway, a/k/a 201 Seneca Place, Milford. Berglass is an aggrieved person being the owner of the property located immediately adjacent to 202. Kings Highway and known as 203 Kings Highway, a/k/a 203 Seneca Place.
On September 18, 2000, Dworkin applied to the Zoning Enforcement Officer of the City of Milford for a zoning permit which permit was subsequently granted. Alleging error on the part of the Zoning Enforcement Officer, the appellant Berglass appealed the decision to the Board of Zoning Appeals for the City of Milford.
A public hearing was held on November 14, 2000. After said hearing, the CT Page 14410 Board of Zoning Appeals upheld the decision of the Zoning Enforcement Officer. From that decision, Berglass has appealed to this court.
It is Berglass' claim that the Board of Zoning Appeals erred in finding that Dworkin's plans did not require coastal site plan approval; that Dworkin's plans did not require a variance; and finding that he did not have to provide certified flood elevation plans.
Subsequent to the decision of the Board of Zoning Appeals, Dworkin filed with the Planning and Zoning Commission of Milford an application for coastal site plan approval pursuant to the Coastal Area Management Act. The Planning and Zoning Commission approved the plan and Berglass has appealed from that decision to this court. For purposes of judicial economy, both appeals have been consolidated and are presently before this court for its decision. Insofar as the appeal from the Board of Zoning Appeals is concerned, the issue of the coastal site plan approval is moot. The court will consider the same in its decision relating to Berglass' appeal from the decision of the Planning and Zoning Commission in granting coastal site plan approval.
 I.
The court will first consider whether the Board of Zoning Appeals erred in finding that Dworkin's plans did not require a variance and, secondly, whether the Board erred in finding that he did not have to provide certified flood elevation plans.
"In reviewing the acitions of a zoning board of appeals, we note that the board is endowed with liberal discretion and that its actions are subject to review by the courts only to determine whether they are unreasonable, arbitrary or illegal." Pleasant View Farms Development,Inc. v. Zoning Board of Appeals, 218 Conn. 265, 269, 588 A.2d 2.372 (1991). The burden of proof to demonstrate that the Board acted improperly is upon the party seeking to overturn the Board's decision. It is the Board's responsibility, pursuant to the statutorily required hearing, to find the facts, and to apply the pertinent zoning regulations to those facts. Toffolon v. zoning Board of Appeals, 155 Conn. 558,560-61, 236 A.2d 96 (1967); Conn. Sand and Stone Coporation v. ZoningBoard of Appeals, 150 Conn. 439, 442, 150 A.2d 594 (1963). In doing so, the Board id endowed with a liberal discretion. . . . Id. Upon an appeal from the board, the Court must focus on the decision of the board and the record before it. Id. 90, 91.
It is well settled that the courts should not substitute their own judgment for that of the board and that the decisions of the boards will not be disturbed as long as an honest judgment has been reasonably and CT Page 14411 fairly made after a full hearing. Conetta v. Zoning Board of Appeals,42 Conn. App. 137-39. "The Court's function is to determine on the basis of the record whether substantial evidence has been presented to the board to support its findings. Id. 138." Wing v. Zoning Board ofAppeals, 61 Conn. App. 639, 643-44. (Internal quotations omitted.)
The dispute as to whether a variance was required seems to evolve around the definition of the meaning of a front yard setback under the Milford Zoning Regulations. Section 11.2 of the Regulations defines "setback" as follows:
 "The horizontal distance from any street or lot line to any building, structure or use measured in a straight line from and perpendicular to such street or lot line."
Thus, the front yard setback would be that distance set forth in the zoning regulations and measured perpendicular to that street line. In this instance, that would be Seneca Place, the right of way by which Dworkin gains access to his property. Seneca Place ends at his property line. It is from this point that one must measure the distance from the horizontal line across Seneca Place and measuring perpendicular to Dworkin's structure.
The front yard setback pursuant to Section 3.1.4.1 of the Regulations is 20 feet.
The Milford Board of Zoning Appeals has found that distance to be 20 feet and, as a result thereof, a variance to be unnecessary.
Berglass, the appellant, further contends that the Zoning Enforcement officer should have required a flood elevation certification before issuing the zoning permit. The basis for this claim is that the plans were submitted by an architect and not by a professional engineer or surveyor as required by Section 5.9.13.1 of the Milford Regulations. It is his claim that the measurement should have specified elevation of the floor of the basement and not that of the first floor. The appellant claims that without a certified plan, one cannot determine the elevation of any part of the subject property.
The plans do not call for a basement, but in fact call for a crawl space. "Crawl space" is defined by the Regulations as follows:
 "An area below the lowest floor of a structure for the purpose of gaining access to the mechanical items with not more than 4 feet in the clear as measured from CT Page 14412 the inside grade to the floor joists."
Since a crawl apace is that area below the lowest floor, then, for purposes of measuring flood elevation levels, the lowest floor is the first floor. The elevation of the first floor is 19 feet above sea level which is some four feet above flood elevation, which is 15 feet above sea level. There appears to be no uncertainty as to whether the lowest floor is below or above flood elevation level. Even if one were to consider the crawl space as the lowest floor, the structure would still be above the flood elevation level.
As for the certification of the plans setting forth flood elevation levels, the court finds that there was also submitted to the Zoning Enforcement Officer a certified site survey signed and sealed by Godfrey-Hoffman Associates, LLC. This survey indicates the top of the floor joists of the first floor to be 19 feet above sea level.
The function of the court is to determine on the basis of the record whether substantial evidence has been presented to sustain the agency finding. Conetta v. Zoning Board of Appeals City of Stamford,42 Conn. App. 133, 138 (1996)
The court finds that there is substantial evidence in the record to sustain the decision of the Milford Board of Zoning Appeals and judgment may enter accordingly.
 The Court By Curran, J.