[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION PROCEDURAL HISTORY
Mario and Lucia Ritacco (plaintiffs) are the owners of certain real property known as 8 Marie Avenue in the village of Pawcatuck, Town of Stonington, Connecticut (hereinafter the "property"). On October 25, 2000, the plaintiffs were issued a Cease and Desist Order (#00-12) by the zoning enforcement officer of the town ordering the plaintiffs to stop using the "property" as a three-family dwelling as the applicable town zoning regulations (Secs. 2.1, 8.2, 8.3) only allowed for a two-family usage.
The plaintiffs timely appealed the validity of that order to the Zoning Board of Appeals (defendant) who, after hearing, upheld the Cease and Desist Order. The plaintiffs, pursuant to C.G.S. 8-8 (b) appealed the ZBA's decision to the Superior Court. A hearing was held on February 15, CT Page 5396 2002 at Norwich Superior Court.
 JURISDICTION
C.G.S. 8-8 (b) confers jurisdiction on this court to hear appeals from Zoning Board decisions. The plaintiff has met all procedural requirements for jurisdiction. The plaintiff must also demonstrate that he is an aggrieved party. "Pleading and proof of aggrievement are pre-requisites to the trial court's jurisdiction over the subject matter of a plaintiffs appeal." Jolly, Inc. v. ZBA, 237 Conn. 184 (1996).
Here, the plaintiff is the owner of the "property" by warranty deed. It was the property" that was the subject of the challenged Cease and Desist Order number 00-12. It is the plaintiff who has been ordered to bring the "property" into compliance. The court finds that the plaintiff has met his burden of showing aggrievement and that the court has jurisdiction over this matter.
 FACTS
The plaintiffs purchased the "property" in 1973 and continue as owners. Originally the "property" consisted of a raised-ranch dwelling, with the upper level being utilized as the main house, while a valid accessory use mother-in-law apartment was on the lower level. The "property" is situated in an RH-10 zone.
In 1979, the plaintiffs were granted a special use permit to convert the property from a single-family dwelling to a two-family dwelling by building an addition (the "addition") to the existing structure.
In 1985, the plaintiffs vacated the upper level of the raised ranch. The plaintiffs admit that at some point prior to their 1985 departure, the nature of the accessory use mother-in-law apartment had been altered. It had been completely walled off from the upper Level, it had its own electric meter, its own mailbox, and a rent was being collected for its occupancy. In short, it had become a separate rental unit. After 1985, the plaintiffs collected three rents from the "property" and the "addition".
In 1987, the Town of Stonington amended its regulations to specifically prohibit mother-in-law apartments as accessory uses in RH-10 zones.
For purposes of the estoppel claim, it should also be noted that the "property" was assessed by the town for tax purposes on two relevant occasions since 1979. In 1984 it was assessed and taxed as a two-family dwelling (including the "addition"). In 1994 the same property was CT Page 5397 assessed and taxed as a three-family dwelling.
In June 2000, the zoning enforcement officer learned that the "property" was being used as a three-family dwelling when its only permitted use was as a two-family unit. On October 25, 2000 the plaintiffs were issued the Cease and Desist Order which is the subject of this appeal.
 ISSUES
The plaintiff advances two reasons for reversal of the Zoning Board's decision.
I. The defendant Zoning Board acted illegally, arbitrarily and in abuse of its discretion by not overturning the Cease and Desist Order as it failed to recognize the plaintiffs prior legal nonconforming use of the "property".
II. The defendant Zoning Board should be estopped from enforcing the Cease and Desist Order since the property has been assessed as a three-family dwelling since 1994.
 STANDARD OF REVIEW
"In reviewing the actions of a zoning board of appeals, we note that the board is endowed with liberal discretion and that its actions are subject to review by the courts only to determine whether they are unreasonable, arbitrary or illegal." Pleasant View Farms Development,Inc. v. Zoning Board of Appeals, 218 Conn. 265, 269, 588 A.2d 1372
(1991). "The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision."Conetta v. Zoning Board of Appeals, 42 Conn. App. 133, 137, 677 A.2d 987
(1996).
"Upon an appeal from the board, the court must focus on the decision of the board and the record before it." Caserta v. ZBA, 226 Conn. 80.
"It is well settled that the courts should not substitute their own judgment for that of the board." Conetta v. Zoning Board of Appeals, supra, 42 Conn. App. 133 (1996). "The court's function is to determine on the basis of the record whether substantial evidence has been presented to the board to support its findings." Wing v. ZBA, 61 Conn. App. 639
(2001).
 I. PRIOR LEGAL NONCONFORMING USE
CT Page 5398 A. ARGUMENT
The plaintiff argues that the use of the lower level of the ranch as a mother-in-law apartment was a legitimate accessory use before 1987. When the zoning regulations were amended in 1987 to specifically prohibit mother-in-law apartments in RH-10 zones, the previous legal accessory use became a legally protected nonconforming use.
 B. LEGAL AUTHORITIES
"By definition, accessory uses . . . must be subordinate and customarily incidental to the principal use." Lawrence v. ZBA,158 Conn. 509, 512 (1969).
"[Zoning] regulations shall not prohibit the continuance of any nonconforming use, building or structure existing at the time of the adoption of such regulations." C.G.S. § 8-2.
"After abandonment, a prior legal use is lost and cannot be revived."West Hartford v. Rechel, 190 Conn., 114 (1983).
"A nonconforming use is merely an "existing use', the continuance of which is authorized by the zoning regulations . . . the property must be so utilized as to be irrevocably committed to that use." Wing v. ZBA,61 Conn. App. 639 (2001).
 DISCUSSION
The plaintiffs argument is fatally flawed because it rests on the assumption that when the new zoning regulations were enacted in 1987 prohibiting mother-in-law apartments, they were actually using the "property" as such. The fact is that in 1987, and for several years prior, they were using the mother-in-law accessory use as a separate and distinct rental unit. It was not tied in any way to the main unit. The plaintiffs had long abandoned the legal accessory use.
The case of West Hartford v. Rechel, supra, is particularly instructive. There, as here, the defense was a legal nonconforming use of the property which became protected by statute. There, as here, the legal accessory use had been abandoned when the town amended the zoning regulations; "even if the early uses had been accessory in nature, they had thereafter lost their accessory character by abandonment . . . after abandonment, a prior legal use is lost and cannot be revived." DJ Quarryv. Planning and Zoning Comm., 217 Conn. 447 (1991).
Also, the Wing v. ZBA, supra, case provides guidance on this issue. In CT Page 5399 Wing, the plaintiffs argument to overturn a ZBA decision hinged on them establishing a protected nonconforming use. As in this case, they failed because when the regulations were amended, the property was not being used as permitted by the accessory use.
Here, the Zoning Board had ample evidence before it to conclude that the prior legal accessory use had been abandoned prior to the adoption of the 1987 amendments.
It should be noted that the plaintiff cites Zachs v. Zoning Board ofAppeals, 218 Conn. 324 (1991), for the proposition that altering the nature of a nonconforming use does not necessarily warrant a finding that such alteration is per se illegal. The plaintiff uses this argument to justify the expansion from the accessory mother-in-law usage to the separate rental status of the "property". This is misplaced. The lower level of the main house had a legal accessory use. That accessory use was abandoned before 1987. Therefore, it never achieved the status of a nonconforming use when the zoning regulations were amended in 1987.
 II. ESTOPPEL ARGUMENT
The plaintiff argues that since the "property" had been assessed as a three-family dwelling in 1994, and the plaintiffs had paid the property taxes as a three-family dwelling since 1994, the defendant town should now be estopped from enforcing the Cease and Desist Order 00-12.
 LEGAL AUTHORITIES
"In special circumstances, a municipality may be estopped from enforcing its zoning regulations . . . estoppel always requires proof of two essential elements; the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief and the other party must change its position in reliance on those facts, thereby incurring some injury." Bozzi v. Bozzi, 177 Conn. 232, 242 (1979).
"In municipal zoning cases, however, estoppel may be invoked 1) only with great caution, 2) only when the resulting violation has been unjustifiably induced by an agent having authority in such matters and 3) only when special circumstances make it highly inequitable or oppressive to enforce the regulations." West Hartford v. Rechel, 190 Conn. 114, 121
(1983).
 DISCUSSION
CT Page 5400
Guided by these well established estoppel principles in Zoning Board cases, the plaintiffs case must fail. As the Rechel case, supra, says, ". . . only when the resulting violation has been unjustiflably induced
(emphasis added) . . . can estoppel be invoked. Here, the resulting violation (3 units instead of 2 units) was not induced by any agent or official of the defendant town. Furthermore, there is no evidence that the plaintiff changed his position in reliance on representations made by anyone. Thus, the plaintiff failed to show either of the two elements necessary to invoke estoppel; inducement ore reliance.
 CONCLUSION
Based on the record before the Zoning Board of Appeals, there was sufficient evidence to sustain their decision to uphold Cease and Desist Order 00-12. The plaintiffs appeal is hereby DISMISSED.
Scarpellino, J.